ISAAC COOKE

*v.*

JAMES H. ORNE.

1. PRACTICE—*depositions.* Statements in a deposition which are not legitimate evidence, like hearsay, may be objected to on the trial, but those which are objectionable, merely because secondary evidence, should be objected to before the trial.

2. GUARANTY—*notice of acceptance.* When a letter of credit is addressed either to a particular person, or to the public generally, and credit is given in consequence thereof, the person giving the credit must notify the guarantor within a reasonable time that the guaranty has been accepted. But where A writes to B, who desires to purchase goods from A, that if C will guaranty the payment, he will sell B the goods, and C writes to A in reply that he will guaranty, no further notice of tne acceptance of the guaranty is necessary. The bargain is complete when C acceps A's offer, and any further notice of acceptance by A would be superfluous.

3. PRACTICE—*pleading.* Only by a demurrer in the court below, or by a motion in arrest of judgment, can the sufficiency of a declaration be brought before the Supreme Court.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of assumpsit brought by the defendant in error against the plaintiff in error at the June term, 1858. The plaintiff recovered a verdict and judgment, and the defendant sued out a writ of error. The facts are stated in the opinion of the court.

Mr. W. T. BURGESS for plaintiff in error.

Messrs. McALLISTER, JEWETT & JACKSON for defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the majority of the court:

In the year 1854, Hulme & White leased from Cooke, the plaintiff in error, a hotel in Chicago, called the Young America, then newly built. Hulme went to Philadelphia to purchase furniture. He there saw one Henkle, a dealer in cabinet furniture, and Orne, the defendant in error, plaintiff below, who was a dealer in carpets. He offered them Cooke as security for his proposed purchases, and at his suggestion, Henkle visited Chicago to ascertain the pecuniary condition of these parties. On his return to Philadelphia, Henkle wrote Hulme & White that himself and Orne would sell the goods on six, twelve and eighteen months, the first note to be merely the paper of the firm, the last two to be endorsed by Cooke. Hulme & White wrote a letter in reply, accepting the proposition, and to this letter Cooke added a postscript, also accepting, and stating that he would endorse the notes as proposed. This postscript was signed by Cooke, and the letter was sent to Henkle. On its receipt, he showed it to Orne, who thereupon purchased the carpets. Henkle was prevented from sending the cabinet furniture, by the destruction of his warehouse and its contents by fire shortly after the arrangement was made. Soon after the carpets

were received, Hulme & White were requested by Orne to forward the notes according to the arrangement. They at once sent the first note, but Cooke being then in Washington, they wrote Orne they would procure his endorsement upon the other two notes upon his return, and then forward them. When Cooke returned home, they presented the notes for his endorsement, which, in the language of the witness, he evaded, saying there was time enough. Orne again wrote, urging the sending of the notes, with Cooke's endorsement, and Cooke still, when asked to sign, would decline doing so, without, however, denying his agreement, or claiming that he should be discharged from it. Finally Hulme & White, finding they could not procure Cooke's endorsement, sent their own notes, which Orne promptly returned as not being in conformity with the agreement. Neither the second nor third payment upon the carpets having been made, Orne brought suit against Cooke for refusing to endorse the notes, and recovered a verdict and judgment.

The letter of Hulme & White, with the postscript of Cooke, was destroyed in the fire which consumed Henkle's warehouse. No objection is taken to parol proof of the contents of this letter, but it is urged that it was error on the trial to allow parol evidence of the contents of the letter from Henkle to Hulme & White, and also of the notes presented to Cooke for his endorsement. This evidence was in depositions, and if the defendant below desired to take this objection, he should have done so before going into trial. The objection, if made in season, might have been removed by showing the loss of the letter, or by producing it. Statements in a deposition which are not legitimate evidence, like hearsay, may be objected to on the trial, but those which are objectionable merely because secondary evidence, should be excepted to before the trial. *Cosgrove* v. *Anderson*, 30 Ill., 95.

The plaintiff in error also insists that the proposition contained in the letter from Henkle to Hulme & White, to which Cooke assented, was a joint proposition by Henkle and Orne, and as Henkle did not send the cabinet furniture, Cooke is

not bound to Orne for the carpets. Whether this was a joint contract was a question submitted to the jury by the first instruction asked by the defendant and given by the court, and by them decided not to be so. We think this finding right. Henkle and Orne had no connection in business. They simply had a common interest in being paid for what they might respectively sell. Neither was responsible for the default of the other, as neither undertook for the performance of the other. Henkle, in writing upon what terms he would sell the furniture, and Orne the carpets, was merely, as to Orne, the medium of communication—the agent *pro hac vice*. Cooke, when declining to endorse the notes, gave no such reason as that now suggested by the ingenuity of his counsel, as he clearly would have done if he had considered the contract a joint one on the part of Orne and Henkle.

It is also urged by the plaintiff in error that Cooke was entitled to notice that his guaranty had been accepted and would be acted upon, and *Adams* v. *Jones*, 12 Pet., 213, and other cases, are cited in support of this position. These authorities, however, are not in point. Undoubtedly it is the settled law, that where a letter of credit is addressed either to a particular person, or to the public generally, and credit is given in consequence thereof, the person giving the credit must notify the guarantor, within a reasonable time, that the guaranty has been accepted. But here this notice is implied in the very nature of the transaction. Hulme did not go to Philadelphia with a letter from Cooke stating that if Orne would sell Hulme carpets, Cooke would guaranty the payment, and, on the strength of such letter procure the carpets, Cooke being ignorant whether his offer would be accepted or not. On the contrary, the proposition comes from Orne. He says, by the letter of Henkle, if Cooke will guaranty the payment, I will sell. Cooke writes, in the postscript of Hulme & White's letter, that he will guaranty. The moment he wrote that acceptance of Orne's offer, the bargain was complete. He then knew that the goods were to be furnished upon his credit. He knew his guaranty was already

accepted, and that he would be responsible for the goods, if furnished before the guaranty was withdrawn, and within a reasonable time. Any further notice of the acceptance of the guaranty would have been superfluous.

The plaintiff in error also insists that notice of the amount of goods sold should have been given to Cooke. The contract, of which Cooke was cognizant, was for the sale of carpeting sufficient for the hotel. No instruction was asked by the defendant below upon this point, and, if it had been, the facts appearing in the record, to wit, the agreement of Cooke to assist Hulme & White in furnishing the house as an inducement to them to lease it, the circumstance that Cooke was just completing the hotel as this purchase was made, the fact that he resided in the same town, and would almost certainly be personally cognizant of a matter so important to the success of his hotel enterprize as the furnishing of the house, all these facts, in connection with the specific agreement to become responsible for the carpets, would have justified the jury in presuming that Cooke had actual notice of the amount of carpeting furnished.

It is also urged that it was the duty of Orne to present the notes to Cooke for endorsement within a reasonable time. The jury were so instructed, and, by their verdict, found this had been done. Hulme testifies that soon after receiving the goods, they were requested by Orne to send their notes, and then Cooke was in Washington. When he returned, they presented the notes, requesting his endorsement, and so far from complaining that they had not been presented sooner, and that he had thereby been damnified, he put off the endorsement, saying " there was time enough." Under the contract, between the parties, no special diligence was necessary in presenting the notes for his endorsement, and, from this evidence, the jury were justified in finding that they were presented within a reasonable time.

As to the objection taken to the declaration in regard to the difference between price and value, it is only necessary

to say that, if valid, it should have been presented by demurrer. Only by a demurrer in the court below, or a motion in arrest of judgment, can the sufficiency of the declaration be brought before this court. Here there was neither.

*Judgment affirmed.*