DOVER STAMPING COMPANY vs. B. B. NOYES.

Suffolk.    March 5, 1890. — April 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale — Continuing Guaranty.*

In an action for the price of goods sold, it appeared that the plaintiff corporation wrote to the defendant that it had recently opened trade with a firm representing itself as "backed by you," and asked the defendant whether he would become responsible for its debts, to which the defendant's clerk in his absence wrote recommending the firm; that the plaintiff then asked for an explicit reply to its former letter, whereupon the defendant wrote that he was financially assisting the firm, and promised to see that the plaintiff was "taken care of," if notified that the firm did not pay its bills "promptly at maturity"; and that the plaintiff replied that, relying on his assurance, it would continue to trade with the firm, and subsequently sold it goods, and the firm never paid for them, of which the defendant had due notice. *Held*, that the defendant's letter, in connection with the other correspondence, constituted a continuing guaranty on which he was liable.

CONTRACT for the price of goods sold to F. P. Field and Company, on an alleged guaranty by the defendant. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on agreed facts, in substance as follows.

The plaintiff corporation, on November 18, 1887, wrote to the defendant a letter reciting that it had recently "opened trade with Messrs. F. P. Field & Co., who seem to be good fellows without much money, but claim to be backed by you. Will you kindly tell us if this is so, — if we can consider you as having responsibility for their debts, or intending to see that they are paid." To this letter the following reply was received on November 21, written by the defendant's clerk: "As Mr. Noyes is away, writer cannot say what arrangement he has made with them as to being responsible for their bills; but should presume they would not misrepresent any arrangement they may have with him. Mr. Noyes has helped this firm some in starting, and considers them good, honest, hard-working fellows, who will be likely to meet their bills." On November 22 the plaintiff corporation again wrote to the defendant that it was "glad to hear that Messrs. F. P. Field & Co. stand so well with you. We would,

however, like to hear from Mr. Noyes on his return. It is needful for us to know whether the statement of the young men is correct or not, as, leaving out the question of misrepresentation, they evidently have not enough of the 'sinews of war' of their own to carry on business successfully, however competent and energetic they may be." The defendant on November 28, 1887, sent in reply the following letter, signed by him : " Answering yours of 22d, I am assisting F. P. Field & Co. in a small way financially, and in a measure directing their efforts. And I have advised them to pay their bills promptly at maturity, and if they find they are unable to do so at any time, to let me know. I think they will follow my advice in your case; if they fail to, please let me know, and I will see that you are taken care of." The plaintiff corporation on the same day wrote to the defendant as follows: " We are much obliged for the assurance given us regarding Messrs. F. P. Field & Co., and on the strength of it will be glad to continue the trade."

Relying on the defendant's letter of November 28, the plaintiff corporation thereafter sold and delivered goods to Field and Company, upon the price of which on or before May 19, 1888, was a balance due to the plaintiff of $250.20, including the amount of a check. On that day the plaintiff wrote the defendant that " Field & Co., whom we took upon our books with the understanding that you were backing them, have allowed their account to run up to above $200.00, all due and a part overdue, and after sending us a check recently on account have permitted same to be protested." To this the defendant, on May 25, 1888, wrote in reply, that he presumed the matter had been adjusted and was due to inexperience, and added that he hoped the firm " will profit by the experience, and not allow such a thing to occur again." The protested check was subsequently paid by Field and Company, leaving a balance due the plaintiff of $210.20, which was the amount in question. On July 17 and 27, the plaintiff wrote further letters to the defendant. In the first letter, after alluding to the balance still due on the account with Field and Company, and to that firm's failure to make good its repeated promises of payment, it asked the defendant, " Do you still consider them all right?" and in the second it inquired, " What is being done in the affairs of F. P. Field & Co.? As you wrote us,

Nov. 28, 1887, that you would see that we were taken care of, we expect you will see that our claim is provided for." The defendant made no reply to either of these letters. On August 14, the plaintiff wrote to the defendant a letter, in which, after referring to a proposition of settlement from Field and Company, it added: "As we hold your agreement under date of Nov. 28, 1887, to see that 'we are taken care of,' and having sold Messrs. F. P. Field & Co. on the strength of this agreement, we would like to hear from you before agreeing to anything in this matter." The defendant two days later wrote to the plaintiff as follows: "It is surprising to me that you claim that I am bound by that letter, after months have elapsed, as I have done all that I expected, or intended, or thought of doing, as a result of writing the letter, and done it a long time ago."

The defendant had no notice, except such as is contained in the above letters, of the plaintiff's reliance on his letter of November 28, 1887, nor of the subsequent sales by it to Field and Company. That firm failed upon request to pay the balance due the plaintiff, and in the summer of 1888 became insolvent, and subsequently a demand for payment was made by the plaintiff upon the defendant, who also refused to pay the amount.

*E. Merwin*, for the plaintiff.

*F. L. Greene*, for the defendant.

KNOWLTON, J. The decision of this case depends on the proper interpretation of the correspondence relied on by the plaintiff corporation, as showing a continuing guaranty by the defendant that F. P. Field and Company would pay at maturity any debts they might contract in their dealings with the plaintiff. If these letters, fairly construed, authorized the plaintiff to sell goods to Field and Company from time to time, to be paid for by the defendant, if not paid for by the purchasers, the plaintiff is entitled to recover.

The plaintiff's first letter was manifestly written in reference to possible future transactions. It says that the corporation has recently "opened trade" with Field and Company, and refers to their representation, apparently made with a view to obtaining credit. The inquiry relates to the subject of legal liability. The defendant is asked whether he will be responsible for their debts, or will see that the debts are paid. Upon receiving the letter of

November 21, written by the defendant's clerk in his absence, and containing a recommendation of Field and Company, the plaintiff, by its letter of November 22, said, in effect, that it was not content with a recommendation, but wanted an explicit answer to its former letter. Thereupon, the defendant wrote the letter of November 28, stating that he was financially assisting Field and Company, and promising to see that the plaintiff was "taken care of," if notified that Field and Company failed to pay their bills promptly at maturity. This can hardly be construed as anything less than a promise to pay if the principal debtor did not. It also had reference to bills to be contracted in the future; for it was written in answer to the plaintiff's questions, and Field and Company's possible inability to pay promptly was spoken of as something which they might discover " at any time."

If it was necessary to give notice of the acceptance of a guaranty given in this way, which we do not intimate, the plaintiff by its letter of November 29 accepted it, and notified the defendant that it would continue the trade on the strength of it. Here we find all the elements of a valid continuing guaranty; and it is agreed that on the faith of it the plaintiff sold goods which never have been paid for, of which the defendant has had due notice.

Upon the agreed facts, the plaintiff's case is made out. *Bent* v. *Hartshorn*, 1 Met. 24. *Paige* v. *Parker*, 8 Gray, 211. *Jordan* v. *Dobbins*, 122 Mass. 168, 170. *Judgment for the plaintiff.*