CELLULOID COMPANY *vs.* ALFRED E. HAINES.

Suffolk.    March 8, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Continuing Guaranty.*

On April 29 the plaintiff corporation wrote to the defendant, who was the treasurer of the D. Co., "If he [the defendant] will give us his written guarantee to pay bills of one month upon the 15th of succeeding month, if not already paid by the company [D. Co.], we will accept it and extend credit to extent of $200." On May 1 the defendant answered, "As you have requested me to have me guarantee the payment of the D. Co.'s account by the middle of the month, I hereby agree to pay the current month's account of the D. Co. on the 15th of the following month, if not paid by them before." Several months later the plaintiff corporation having notified the defendant that the D. Co. had not responded, and

having called upon the defendant to make good his guaranty, he did not deny, but in substance admitted, his liability. *Held*, that the guaranty was a continuing one.

CONTRACT, to recover for goods sold and delivered by the plaintiff to the William J. Dinsmore Company, of which the defendant was treasurer, upon the defendant's alleged guaranty of payment therefor. At the trial in the Superior Court, before *Hopkins*, J., the defendant asked the following rulings : 1. The letter of May 1, 1896, alleged to have been written by the defendant to the plaintiff, is not a continuing guarantee. 2. The said letter is a guarantee only for goods sold by the plaintiff to the W. J. Dinsmore Company during the month of May, 1896. 3. The said letter of May 1, 1896, providing no goods were sold by the plaintiff to the Dinsmore Company in May, is a guarantee only for the bill sold by the said plaintiff to the said Dinsmore Company during the first month following May 1, during which goods were sold. The judge refused so to rule.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions. The facts appear in the opinion and in a note by the reporter.

*H. J. Jaquith*, for the defendant.

*J. E. Abbott*, for the plaintiff.

MORTON, J. The question is whether the guaranty contained in the defendant's letter of May 1 was a continuing guaranty, or was a guaranty for the month of May ; for we do not see how it can be fairly construed as a guaranty for the month of May or for the first month following May that goods were sold to Dinsmore and Company. If that had been what was intended, language more apt for the purpose naturally would have been used.

The letter of May 1 was written in reply to a letter from the plaintiff dated April 29, and we think that the letter of April 29 was properly admitted as the letter to which that of May 1 was a reply, and as tending to throw light on the matter to which that related, and to aid in its construction. Looking at the letter of April 29, it is clear that what the plaintiff wished to obtain was a continuing guaranty, and must have been so understood by the defendant. They write, " If he [the defendant] will give us his written guarantee to pay bills of one month upon the 15th of succeeding month, if not already paid by the com-

pany, we will accept it and extend credit to the extent of $200."
This refers to the bills of succeeding months, and clearly implies
that the guaranty is to be a continuing one. In reply to that
letter the defendant writes as follows: "As you have requested
me to have me guarantee the payment of the Wm. J. Dinsmore
Co.'s account by the middle of the month, I hereby agree to pay
the current month's account of the Wm. J. Dinsmore Co. on the
15th of the following month, if not paid by them before." It is
plain, it seems to us, that the defendant meant by this to accede
to the request of the plaintiff, and to guarantee by the middle of
each month, that is, by the 15th, the payment of the bills of the
preceding month, and that he did not use the phrase " current
month's account " as meaning the account of the month then cur-
rent, but as meaning the account that would accrue from month
to month. This construction is supported by the fact that when
several months later the plaintiff notified him that the Wm. J.
Dinsmore Company had not responded to their requests for a
settlement and called upon him to make good his guaranty, he
did not deny, but in substance admitted, his liability.* See *Lee*
v. *Butler*, 167 Mass. 426.

We think, therefore, that the guaranty must be construed as a
continuing guaranty, and that the rulings requested were rightly
refused. See *Sullivan* v. *Arcand*, 165 Mass. 364; *Dover Stamp-
ing Co.* v. *Noyes*, 151 Mass. 342.          *Exceptions overruled.*

---

* This was by letter, dated September 29, 1896, which was as follows:
"Your favor of the 28th inst. duly received and noted. Would say in
answer that I have requested the Dinsmore Co. to remit you the first moneys
that come in. If they fail to pay up in the next few days drop me a line
and I will look after them, but I do not care to send you a check on my own
account, until I give them a chance to straighten it out themselves."