## R. CHESTER FROST

*v.*

## THE STANDARD METAL COMPANY.

*Opinion filed April 17, 1905.*

1. GUARANTY—*notice of acceptance of unqualified guaranty is not essential to liability.* Notice of acceptance of an absolute, unqualified guaranty is not essential to create a liability on the part of the guarantor, particularly where the guarantor was advised before he signed the guaranty that it would be accepted and credit extended thereon.

2. SAME—*when contract of guaranty creates a standing credit.* A contract reading, "I hereby guarantee the purchase account of George K. Harrington & Co. to the amount of one thousand five hundred dollars," creates a standing credit account in the amount specified until revoked, notwithstanding the principal debtor, during the existence of the guaranty, has purchased and paid for goods amounting to more than the guaranteed credit.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

.W. P. BLACK, for appellant.

HENRY S. SHEDD, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action in assumpsit in the superior court of Cook county by the appellee company, against the appellant, in which judgment was awarded the appellee company in the sum of $1500. The Appellate Court for the First District affirmed the judgment on appeal, and the record is before us on this a further appeal.

The ground of recovery was that the appellee company extended credit to the firm of George K. Harrington & Co., involuntary bankrupts, in reliance upon the written guaranty of the appellant, as follows:

*"Standard Metal Co.:*                        "CHICAGO, *July 19, 1901.*

"GENTLEMEN—I hereby guarantee the purchase account of George K. Harrington & Co. to the amount of one thousand five hundred dollars ($1500).

R. CHESTER FROST, 167 Wabash Ave."

At and immediately prior to the execution of said guaranty the firm of Harrington & Co. were engaged in business in Chicago as manufacturing jewelers. They desired to open a credit account for the purchase of gold and silver from the appellee company. The appellee company declined to extend credit to Harrington & Co. unless the account of the latter firm should be guaranteed by some responsible party. Harrington & Co. proffered to procure the appellant as a guarantor for them. The appellee company consented to accept the appellant as guarantor. Subsequently Harrington & Co. brought a guaranty signed by R. Chester Frost & Co., a corporation. This the appellee company declined to accept and demanded the personal guaranty of the appellant, which the representative of Harrington & Co. undertook to procure. The guaranty that had been executed in the name of R. Chester Frost & Co., a corporation, was returned to the appel-

215—16

lant, together with the guaranty here sued upon, prepared in writing ready for his signature, and the conversation which had occurred between the representative of the appellee company and the representative of Harrington & Co. was then repeated to the appellant. The appellant signed the guaranty and the same was delivered to the appellee company. Harrington & Co. were thereupon granted credit by the appellee company and made a number of purchases of gold and silver during the months of July, August, September, October, November and December, 1901, and January, 1902, and during that period made a number of payments on their account. The aggregate of sales, including interest items, amounted to $9789.27, and the aggregate of payments amounted to $7168.76, leaving a balance due to the appellee company of $2620.51. On January 30, 1902, the appellee company notified the appellant of the amount so due from Harrington & Co. on the account and that they held him liable as guarantor, and demanded payment of the sum of $1500 from him. Harrington & Co. became involuntary bankrupts in February, 1902. There was no proof that the appellant was notified by the appellee company that it had accepted the guaranty or had given credit to Harrington & Co. on the faith of it. Appellant contends such notice was essential to the creation of liability against him.

The undisputed testimony was that the appellant was advised that the appellee company would accept his personal guaranty but would not extend credit to Harrington & Co. on the guaranty of the corporation, R. Chester Frost & Co. He knew when he signed the guaranty that he had already been accepted as guarantor and that credit would be extended upon the faith of his guaranty. Any further notice of the acceptance would have been superfluous and was not required to be given. (*Cooke* v. *Orne,* 37 Ill. 186; *Davis Sewing Machine Co.* v. *Richards,* 115 U. S. 524.) Moreover, the guaranty is absolute and unqualified, and such guaranties become effective as soon as acted upon. (14 Am.

& Eng. Ency of Law,—2d ed.—1145.) An acceptance is necessary to create liability if there is only a proposal to guarantee, but that rule has no application when the undertaking is primary and absolute.

We cannot assent to the view pressed upon us by counsel for appellant that the instrument in question should be construed as creating a liability to answer only for the payment of goods purchased by Harrington & Co. up to the amount of $1500 in the aggregate. The guaranty fixed a limitation as to the amount for which the guarantor would answer, but it is not limited as to time. "Where the guaranty contains a limitation as to the amount for which the guarantor will be bound but contains no limitation as to time, and there is nothing in the circumstances surrounding the execution of the contract to evince a contrary intention, it will, in general, be construed to be a continuing guaranty and operative until revoked, and the guarantor will be held liable to the extent of the guaranty, notwithstanding the principal debtor may have, during the existence of the guaranty, contracted debts to an amount equal to or greater than the sum named in the guaranty, and paid them." (14 Am. & Eng. Ency. of Law,—2d ed.—p. 1140.) The language of the guaranty, we think, aids the application of the general rule in the case at bar. In express terms the instrument guarantees the "purchase account" of Harrington & Co., and is fairly to be construed as creating a standing credit account in favor of Harrington & Co. in an amount not exceeding $1500. The circumstances surrounding the execution of the guaranty evince this, and not the contrary intention on the part of the appellant.

The judgment of the Appellate Court must be and is affirmed.                                   *Judgment affirmed.*