# United States Gypsum Company, Defendant in Error, v. Abraham Bernstein and Henry Wolf, Plaintiffs in Error.

## Gen. No. 16,289.

1. SURETYSHIP—*how contract of guaranty construed.* Such a contract must be strictly construed; but where there is some uncertainty in its terms the court may resort to the ordinary canons of construction to ascertain the intent of the parties.

2. SURETYSHIP—*contract of guaranty construed.* *Held,* that the contract of guaranty in question in this case merely limited the amount of the liability of the guarantor and did not limit the amount of credit to be given to the principal debtor.

Error to the Municipal Court of Chicago; the HON. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 11, 1912.

BLUM & BLUM, for plaintiffs in error.

EASTMAN, EASTMAN & WHITE, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

The United States Gypsum Company, hereinafter called the plaintiff, brought suit against Abraham Bernstein and Henry Wolf, co-partners trading as Bernstein & Wolf, hereinafter called the defendants, upon a written guaranty. The trial court found for the plaintiff and rendered judgment for $100, which we are asked to reverse.

The writing sued on is as follows:

"Chicago, Ill., Sept. 14, 1908.

U. S. Gypsum Co.,
   Chicago, Ill.

Gentlemen:—

We hereby guarantee the account of Gottlieb Hoffman for material delivered to him at 481-483 South Halsted Street, City, said account not to exceed the sum of one hundred dollars.

Yours very truly,

BERNSTEIN & WOLF."

The trial court apparently held this to be an absolute guaranty for $100. It is claimed by the defendants that it is not an absolute guaranty, but a conditional guaranty, the condition being that the entire credit extended to Hoffman should not exceed $100. It is conceded that the plaintiff sold materials to Hoffman of the value of $203.33, and it is claimed that this was a violation of the condition imposed by the guarantors and hence they are relieved from liability.

Undoubtedly a guarantor may impose conditions which, if violated, will operate to discharge him from liability. He may impose as a condition a limit upon the credit to be given, and if credit is given beyond that

limit the guaranty fails. (Ryan v. Trustees of Shawneetown, 14 Ill. 20.) He also may impose only a limit upon his liability, without limiting the credit to be given. (Frost v. Standard Metal Co., 215 Ill. 240, 243.) To determine into which one of these classes the guaranty before us falls is wholly a question of construction. Such a contract must be construed strictly, but where there is some uncertainty in its terms the court may "resort to the same aids and invoke the same canons of interpretation which apply in case of other contracts." (Shreffler v. Nadelhoffer, 133 Ill. 536, 552.) By inquiring into the circumstances surrounding this guaranty, it appears that the defendants were the owners of the premises named in the guaranty, and were making alterations and improvements in the building at that place, under a general contract with a firm of contractors. The general contractors employed Hoffman as a subcontractor to furnish certain plastering and other kindred work in the premises, and it became necessary for Hoffman to purchase materials for his work. The plaintiff declined to extend credit to Hoffman, and thereupon the defendants executed and delivered to the plaintiff the guaranty in question. Thereafter Hoffman purchased from plaintiff materials to the amount of $203.33, which were used in the construction of said building. It further appears that the plaintiff, being unable to collect payment for these materials, sought to obtain a lien therefor upon the premises, but was denied this upon the ground that it was a sub-subcontractor and therefore not entitled to a lien. Plaintiff has therefore received nothing for its materials, and if defendants are not obligated by this guaranty it will receive no compensation for the materials used in defendants' building.

We are convinced that the natural and clearest meaning of the guaranty is that the guarantors undertook only to limit their liability to the amount of $100, and not to limit the amount of credit to be given Hoff-

man.  The defendants, as an inducement to the plaintiff to make delivery of materials for their building, agreed to guarantee the account to the amount of $100, but not to exceed that sum.  We fail to see how the defendants could have been interested in limiting the amount of plastering materials purchased by Hoffman and used in their building.  They presumably wanted the building plastered in accordance with the terms of the general contract, which fixed the amount they should pay for the entire work, including plastering, regardless of how much material Hoffman used.

The other points made by the defendants do not modify our conclusion that the finding of the trial court was right.  The judgment will be affirmed.

*Affirmed.*