# Willoughby *v.* Jernigan, *et al.*

## *Detinue.*

(Decided November 12, 1912.    60 South. 514.)

*Detinue; Bond; Delivery of Property; Tender.*—Where the defendant in detinue, after judgment against him, orally offered to deliver the property, heavy and cumbersome machinery, wherever the plaintiff wished it, and the plaintiff refused to receive the property at all, such offer was sufficient to prevent a forfeiture of defendant's forthcoming bond, it not being required that defendant should make a physical tender of the property.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by Sidney Willoughby against J. B. Jernigan and others, in which plaintiff recovered certain cumbersome and heavy machinery. On a tender of the property as set out in the opinion, plaintiff refused to receive it, and had the forthcoming bond marked forfeited, whereupon, defendants filed a petition to supersede the execution of the order and from a judgment superseding, the original plaintiff appeals. Affirmed.

The following charges were excepted to: The affirmative charge. The following portion of the oral charge: "Where property is bulky and cumbersome to such an extent that the party whose duty it is to deliver it to

[Willoughby v. Jernigan, et al.]

another party or parties cannot do so without incurring great expense, then in that event the actual taking of the property into his possession, and carrying it to and delivering it to the party to whom it is his duty to deliver it, is not absolutely necessary or essential. Now, in this case, if the property that Mr. Long and others were called upon to deliver to Mr. Willoughby was cumbersome, was bulky, and was at the place where the property was when it was originally levied upon and replevied by Mr. Jernigan in the detinue suit, if it was bulky, cumbersome, and hard to handle and expensive to handle, then, in order to make a delivery of that property within the meaning of the law, it would be sufficient for one or either of the parties interested on that bond to go to Mr. Willoughby and notify him of the fact that the property was there, and that they stood ready to turn it over and deliver it to him, and he could take possession of it. That would amount to a delivery of the property, if the property was then situated at the same place where it was at the time of the levy and execution of the replevy bond; but if the property was not of that character, then a different rule would apply. It would then be incumbent upon the plaintiff within 30 days to take the property to the plaintiff and deliver it to him. Now, what do you say about it, from the facts in this case?"

W. L. LEE, and A. E. PACE, for appellant. Counsel insist that the court was in error in admitting the testimony objected to, in giving the written charges, and in the oral charge.—*Bates v. Bates,* 12 Am. Rep. 572; *Barney v. Bliss,* 12 Am. Rep. 696.

ESPY & FARMER, for appellee. The tender of delivery was sufficient and the refusal of plaintiff to receive ex-

cused any further action on the part of the defendant.
—*Smith v. Wheeler,* 33 Am. Rep. 698; *Calkins v. Lockwood,* 42 Am. Dec. 730; *Van Brunt v. Pike,* 45 Am. Dec. 126; *Hall, et al. v. Richardson,* 77 Am Dec. 303.

PELHAM, J.—An action of detinue was brought in the circuit court against one of the appellees, J. B. Jernigan, by the appellant for the recovery of the machinery involved in the present suit. The property was seized by the sheriff under the writ, and Jernigan gave a forthcoming bond, with the other two appellees, M. L. Long and L. E. McDaniel, as sureties. On the trial of the detinue suit a judgment was recovered by the appellant against Jernigan for the property, and the value of the property was found and assessed. After the rendition of this judgment the forthcoming bond was returned forfeited by the sheriff on the ground that the property had not been returned within the 30 days after judgment rendered. Execution was issued against the appellees as principal and sureties on the bond and put in the hands of the sheriff, who was undertaking to enforce it when appellees filed a petition for a supersedeas of the said execution, alleging as a ground for granting the same that they had tendered the property to appellant within 30 days after the rendition of the judgment. On the hearing of this petition an issue was made up between the parties as to whether or not the said property consisting of an engine, boiler, planing machine, shafting, coupling, etc., had been returned by appellees to appellant within 30 days after the judgment was rendered.

The evidence of the appellees on the trial tended to show that the property in question was bulky, cumbersome, and quite heavy, and that practically all of it was situated in the same place where it had been ever

since the original suit was commenced. The evidence in behalf of the petitioners further tended to show that, on the night of the 29th day after the judgment in the original case was rendered, a deputy sheriff and one of the appellees, Long, went to the home of the appellant and informed him that they wanted to return the property to him and wanted to know at what point or place he desired the property delivered, as they only had one day still left in which to make the delivery and were desirous of turning it over. Appellant, according to the tendencies of the appellees' evidence, told the deputy sheriff and Long that he would not receive the the property, no matter where it was delivered. The testimony of these witnesses, set out in the bill of exceptions, shows a positive and emphatic refusal upon the part of appellant to receive the property if actually tendered to him, irrespective of its location or place of proffered delivery. The tendency of the evidence introduced by appellant was to show a contradiction of an offer to deliver by appellees or a refusal to receive on his part.

There are several assignments of error on the record, but they all relate to but one question, and that is whether or not the offer to deliver by appellees and the refusal of the appellant to receive the property, under the circumstances as shown by the tendencies of the appellees' evidence was a sufficient tender or offer to deliver, and no necessity or duty rested on appellees to go further and make an actual tender or physical delivery of the property. In other words, did the offer to deliver absolve the appellees from any further duty in that connection upon being met with the appellant's refusal to receive? The evidence shows that the property, or practically all of it, was located where it had been all the time throughout the entire litigation be-

tween the parties over it, a distance of about four miles from the home of the appellant, at the time the offer was made to deliver. The evidence is without conflict that the conversation between the deputy sheriff, Long, and the appellant took place within 30 days after the rendition of the original judgment. We cannot see why, under the circumstances we have related, as shown by the tendencies of the appellees' evidence, the offer to deliver and refusal to receive are not sufficient and dispensed with any necessity and relieved appellees of the duty, if such duty existed, of doing that which would have been but a useless formality; that is, of making an actual tender of the heavy and cumbersome property after being informed it would not be received if so tendered.

If the testimony introduced in behalf of the appellees be believed, they were able, ready, and willing to deliver the engine, boiler, machinery, etc., to the appellant, and offered to do so. The property had not been moved or rendered inaccessible, but was located where it had been since the original suit was instituted, and if appellant was not willing to receive it, and so notified appellees when they offered to deliver within the time authorized, then they were not required to move the heavy and cumbersome property and make an actual tender of it to the appellant.—*Smith v. Wheeler*, 7 Or. 49, 33 Am. Rep. 698. The same is true of a tender of money. "When, before a tender is made, the party to whom the money is due declares he will not receive or makes any declaration or admission which is equivalent to refusal to accept the money if tendered, then tender is dispensed with."—6 Mayfield's Digest, 879, § 9. A similar rule is universally applied to executory contracts for the sale of personal property on the same principle. If the seller offers to deliver, and the buyer

repudiates the contract and notifies the seller he will not accept the property when delivered, the seller is not required to make an actual tender or delivery of the property, or even wait for the actual time for delivery to arrive, but may at once, when notified by the buyer that he will not receive the property, treat the contract as breached and sue and recover for the breach.—*Scruggs & Echols v. Riddle,* 171 Ala. 350, 54 South. 641; *Roehm v. Horst,* 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953; *Cotton Oil Co. v. Heflin,* 99 Fed. 339, 39 C. C. A. 546; Benjamin on Sales (Am. Notes) 710, 716; 3 Sutherland on Damages, § 648.

The court properly refused the general charge requested by the appellant. We find no error available to appellant in the portions of the oral charge to which exception was reserved. Parts of that portion to which exception was noted are clearly correct. The assignments of errors based on rulings on the evidence and the charge given at the request of appellees are not well taken. The case presents no reversible error and will be affirmed.

Affirmed.