[Wheeler v. Krohn, Fechheimer & Co.]

# Wheeler *v.* Krohn, Fechheimer & Co.

## *Assumpsit.*

(Decided December 18, 1913.  64 South. 179.)

1. *Guaranty; Contracts; Acceptance.*—Where defendant signed a contract of guaranty which plaintiffs required before extending credit to defendant's son, and the contract was on a form furnished by plaintiffs, a formal acceptance by plaintiffs was not necessary.

2. *Same; Liability; Accrual.*—Where defendant had executed a contract of guaranty to cover all purchases made by his son, and the son made an order for goods some of which were already manufactured, and others to be made up specially, and the order was accepted and the manufactured goods shipped immediately, the order was indivisible and the acceptance created a binding contract for both classes of goods, and defendant could not escape liability on his guaranty because the son countermanded the special order and refused to receive the goods.

3. *Same; Liability; Tender of Goods Purchased; Necessity.*—Where a purchaser of goods which were to be specially manufactured notified the seller shortly before the time fixed for shipment that he would under no circumstances accept them, and his guarantor similarly notified the seller, delivery of the goods by the seller, or tender of delivery was not necessary to charge the purchaser and his guarantor with the difference between the purchase price, and the price the goods brought when sold on their account.

4. *Same; Evidence; Sufficiency.*—The evidence examined and held sufficient to show that the sale was made in accordance with the terms of the guaranty.

5. *Sunday; Contracts; Completion.*—Where the order was given on Sunday, and was transmitted to the seller by mail and accepted on a week day, the contract was not a Sunday contract, the minds of the parties not meeting until the acceptance of the order.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Assumpsit by Krohn, Fechheimer & Co. against John T. Wheeler, upon his contract of guaranty. Judgment for plaintiff and defendant appeals. Affirmed.

BLACKWELL & AGEE, for appellant. To charge a guarantor it is necessary that he should be notified within a reasonable time of its acceptance, and that credit be

given within a reasonable time.—*Lawson v. Town*, 2 Ala. 373; *Fay v. Hall*, 25 Ala. 704; *Walker v. Forbes*, 25 Ala. 147; *Davis S. M. v. Richards*, 115 U. S. 524. Under these authorities count 7 was subject to the demurrers. The count is also defective for failure to show that there was a delivery of the goods, as delivery under the guaranty was necessary.—*Manatee Bank v. Weatherly*, 144 Ala. 655; 113 N. Y. Supp. 1010; 26 N. E. 1056. The court erred in sustaining demurrers to defendant's third plea.—*Butler v. Lee*, 11 Ala. 185; *Strauss v. Lancelot*, 27 South. 606. Under these authorities, it was a Sunday contract. It was not only necessary to set apart the goods, but also to deliver them to H. N. Wheeler in order to charge the guarantor, and the court therefore erred in sustaining demurrers to the 4th and 5th plea.—Authorities supra. The proof failed to show that the order of April 9, was ever accepted.—*Manier v. Appling*, 112 Ala. 663.

WILLETT & WILLETT, for appellee. The guaranty is absolute in form, and so drawn as not to require notice of acceptance.—*Newman v. Scarbrough*, 40 South. 248; 105 Am. St. Rep. 496; 74 N. E. 139; 20 Cyc. 1404; 6 L. R. A. 639. Under the undisputed facts plaintiff should not be heard to deny an acceptance of the order.—58 Pac. 1112. There was sufficient consideration to support the guaranty.—11 Ill. 548; 77 Md. 162; 104 N. Y. 532; 134 N. C. 415. The contract was not a Sunday contract, as it was not accepted until a week day.—*Gould v. Oates Chair Co.*, 147 Ala. 629.

PELHAM, J.—The claim asserted by appellees in their suit, as plaintiffs in the court below, is based on a written guaranty alleged to have been given to them by the appellant to secure the payment of goods sold

by the appellees in the due course of business to H. N. Wheeler, the son of the appellant; appellees being whole-sale merchants engaged in the manufacture and sale of shoes, and located at Cincinnati, Ohio, and H. N. Wheeler being a retail merchant doing business in Anniston, Alabama. The guaranty sued upon and set out in the pleadings is dated at Anniston, Ala., September 23, 1909, addressed to the appellees, signed by the appellant, and is in the following words and figures: "For a valuable consideration, the receipt whereof is hereby acknowledged, I hereby promise and guarantee to you the payment at 60 days' maturity, for any and all purchases from and after the above date made by or in the name of H. N. Wheeler, Anniston, Ala. Settlement by note, acceptance, or other written evidence of indebtedness is allowed under this guaranty, and the payment of the same at maturity is guaranteed. Privilege of extension is hereby granted under this guaranty, without notice to me, for such time as may be agreed upon between you and said H. N. Wheeler, Anniston, Ala., and payment is guaranteed at the expiration of such extension or extensions; and I hereby waive any legal rights that may accrue to my benefit by reason of such extension. It is expressly agreed that this is to be a continuing guaranty, covering all future purchases of goods, until notice of revocation be given by me to you in writing. Notice of sale, delivery of goods, non-payment at maturity, extensions, and indulgences is hereby waived." In the due course of business between the appellees and H. N. Wheeler, the latter gave to the traveling salesman of the former, in April, 1910, an order amounting to several hundred dollars for certain merchandise, consisting of shoes as described and specified in the order. Part of this order was, under its terms, to be shipped "at once," and part was for goods

to be manufactured by appellees and shipped about September 1, 1910. Other orders passed between the parties, and one other is made the basis of a claim for recovery in plaintiff's complaint; but, as it is conceded that the damages allowed by the court trying the case without a jury, and the recovery of appellees, was only upon the order given in April, 1910, for goods to be manufactured and shipped on September 1, 1910, it will be unnecessary to consider as directly affecting the case any other order. The part of this order providing for shipment "at once" is not in controversy, as these goods were shipped, received, and paid for, leaving nothing in dispute, so far as that part of the order is concerned. It is only questions arising on, growing out of, and connected with that part of the April, 1910, order that under its terms was to be manufactured and shipped by appellees on September 1, 1910, amounting to $627.75, that are the real subjects of controversy so far as the consideration of this case on appeal is concerned. The order of April 8, 1910, was given by H. N. Wheeler at Birmingham, Ala. (where the parties had met by mutual agreement), to a traveling salesman of appellees, and forwarded by him to them at Cincinnati, Ohio. Appellees acknowledged receipt of the order by letter dated April 11, 1910, addressed to H. N. Wheeler, at Anniston, Ala., stating that the order would have prompt attention, and requesting him to notify them at once if the order was incorrect in any particular, as they would not accept any countermand of the order after the goods were cut. Subsequently, and after the "at once" part of the April order had been shipped by the appellees and accepted by H. N. Wheeler, on or about July 19, 1910, H. N. Wheeler wrote the appellees that he was winding up his affairs preparatory to going out of business, and undertook to cancel or countermand the April order

[Wheeler v. Krohn, Fechheimer & Co.]

given by him for goods to be shipped September 1, 1910. The appellant, the father of H. N. Wheeler, on August 4, 1910, also wrote the appellees, to the effect that he withdrew any further responsibility on his guaranty to appellees for purchases made by his son. There is some conflict in the evidence set out in the bill of exceptions as to what replies were made by appellees and received by the Wheelers to the letters containing these notifications, but it is without dispute that the appellees at all times denied any right of cancellation to exist, and uniformly insisted that John T. Wheeler was bound on his guaranty to them for the goods to be shipped on September 1, 1910, on the order given in April, 1910. It was shown that the goods to be manufactured by appellees on the April order had been cut in the preparation for manufacture by May 17, 1910, before any attempted cancellation of the order was made, and that on August 15, 1910, they were all manufactured, or "made up" and ready for shipment, and that part of the order had been finished as early as June 24, 1910. The appellees, after notifying H. N. Wheeler and John T. Wheeler that the goods were ready for shipment under the terms of the contract of purchase, and that unless shipping directions or other directions for disposition of the goods were received they would sell the goods at the best prices obtainable and hold John T. Wheeler on his guaranty for the difference, adopted this course (the Wheelers having denied any liability on account of the order), and seek in this suit to make the appellant, John T. Wheeler, liable on his guaranty for the difference between what the goods brought on this sale and the original purchase price under the terms of the order of April, 1910. The real, substantial point at issue on the trial of the case was whether or not the appellant, John T. Wheeler, was liable to the appellees on his guaranty

for this difference between the original sale price and what the goods were sold for under the circumstances set out. It is insisted by appellant's counsel in brief that the trial court erred in three important particulars in arriving at a different conclusion on this cardinal proposition from that contended for by appellant.

In the first place, it is contended that the decided weight of the evidence showed that no notice of the acceptance of the guaranty was given the appellant by appellees, and that such notice was necessary to bind the guarantor. It was shown without conflict that the guaranty expressed on its face the receipt of a valuable consideration, was absolute in form, was given by the appellant, John T. Wheeler, in response to a request made by the parties extending the credit (appellees) on a form furnished by them, which was left by the guarantor with his son for delivery to appellees as the other parties to the guaranty, and was by him delivered to them, and that the promisees acted upon it and extended credit to the son, as contemplated by the parties, entirely on the strength of the guaranty. Formal notice of an express acceptance was not necessary under such circumstances, for an acceptance would be implied, and a meeting of the minds and the mutual assent essential to the consummation of the contract is evidenced by, and is to be gathered from, the very nature of the transaction.—*Pearsell Mfg. Co. v. Jeffreys,* 183 Mo. 386, S. W. 901, 105 Am. St. Rep. 496; *Davis Sewing Machine Co. v. Richards,* 115 U. S. 524, 6 Sup. Ct. 173, 29 L. Ed. 480; *Newman v. Scarborough,* 115 La. 860, 40 South. 248, 112 Am. St. Rep. 278; *Frost v. St. Metal Co.,* 215 Ill. 240, 74 N. E. 139; *Cooke v. Orne,* 37 Ill. 186; *Dover Stamping Co. v. Noyes,* 151 Mass. 342, 24 N. E. 53; 20 Cyc. 1407b.

[Wheeler v. Krohn, Fechheimer & Co.]

It is contended, in the second place, that the trial court could not have found the issues in favor of the plaintiffs on the main question in controversy on the trial, which we have referred to as the substantive question involved on this appeal, unless the court held that the proof showed an acceptance of the order given by H. N. Wheeler to the traveling salesman of appellees in April, 1910. What is said on the proposition of acceptance in *Manier v. Appling*, 112 Ala. 663, 20 South. 978, can have no controlling effect on this case, for, on the undisputed facts here, a portion of the order under consideration in this case called for goods that were in stock to be shipped "at once." This April order must be taken and considered as a whole, it was an entirety, and the appellees accepted and shipped this "at once" part of the order to H. N. Wheeler, who received and paid for these goods constituting a portion of the April order. This acceptance, shipment, and receipt of a part of the order was without objection or qualification of any kind, and made a binding contract as to the whole of the order on both parties, and the parties cannot be heard to say that there was not an acceptance of the order in its entirety, after accepting and shipping, on the one hand, and receiving, on the other hand, a part of the order without qualifying or limiting the contract as to such acceptance, shipment, and receipt. The entire dealings of the parties show that they mutually understood that there had been an acceptance of the order; otherwise there could have been no necessity for an attempted countermand of the order by H. N. Wheeler, or a notification by John T. Wheeler that he would withdraw all further responsibility for these purchases that had been made by his son.

The third crucial point insisted upon as an error of the trial court consists in the holding of that court that

no delivery of the goods to H. N. Wheeler was necessary in order to bind the appellant, John T. Wheeler, on his written guaranty. The proof without conflict was to the effect that the appellees notified both H. N. Wheeler and John T. Wheeler that the goods were ready for shipment and subject to their order, and would be sold for the best price obtainable and the amount realized credited to the account, and that appellees would hold them for the difference between the reselling price and the original purchase price, unless they received some order for the disposition of the goods. No order for the shipment or disposition of the goods was received, but, on the contrary, H. N. Wheeler wrote appellees canceling the order, and denied all liability on the order in behalf of himself or the guarantor, his father, John T. Wheeler, and the latter undertook in writing to withdraw all liability for the purchases made by his son, H. N. Wheeler. In other words, appellees, the sellers, having the goods in possession ready for delivery, undertook to perform the contract of sale on their part, and offered the goods to the purchaser, H. N. Wheeler, and were notified that the goods would not be received. Under the facts and circumstances of the case, the sellers were justified in treating the contract as at an end when the buyer repudiated the contract and notified the sellers he would not accept the property when the time for delivery arrived, and there was therefore no necessity for the appellees (the sellers), as a condition precedent to a right of recovery against the buyer or his guarantor, to deliver, or even make an actual tender of the goods, to H. N. Wheeler, the buyer.—*Willoughby v. Jernigan,* 6 Ala. App. 270, 60 South. 514; *Jebeles & Colias Con. Co. v. Stephenson,* 6 Ala. App. 103, 60 South. 437; *Scruggs & Echols v. Riddle,* 171 Ala. 350, 54 South. 641; *Roehm v. Horst,* 178 U. S. 1, 20 Sup. Ct. 780, 44

L. Ed. 953; *Cotton Oil Co. v. Heflin,* 99 Fed. 339, 39 C.
C. A. 546; 3 Sutherland on Damages, § 648.

It is also insisted that the contract of sale was void
because made on Sunday, and that the appellant was
entitled to a judgment on his special plea setting up
this defense. The proof does not show a contract of
sale made on Sunday. It showed that the order for the
goods was given to the traveling salesman of the ap-
pellees on a certain Sunday in April, 1910, by H. N.
Wheeler at Birmingham, Ala., to be forwarded by mail
to appellees at Cincinnati, Ohio, subject to their appro-
val or rejection; that the order was forwarded in due
course and on a subsequent day accepted by the appel-
lees on another day than Sunday. The traveling sales-
man simply took an order on Sunday, in its nature a
request or proposal to be forwarded to appellees to ship
certain goods; but he did not sell or contract to sell,
and the order could have been rejected without incur-
ring liability, or withdrawn at any time before accept-
ance. The transaction was not completed and no bind-
ing contract made between the parties on the day the
order was taken; it was not until the appellees saw fit
to accept the order (and did accept it on another day
than Sunday) that the minds of the contracting parties
met, and that there existed the mutual assent essential
in making a binding contract.—*Gould v. Cates Chair
Co.,* 147 Ala. 629, 41 South. 679, and authorities there
cited.

If proof of a demand on H. N. Wheeler for the differ-
ence or deficiency between the amount realized on resale
and the original purchase price was necessary as a pre-
requisite of bringing suit against appellant, the evidence
affords ample inference from which the court could find
this fact to exist. No other reasonable conclusion can
be drawn from the caustic letter of H. N. Wheeler to

appellees dated December 19, 1910, than that the attorneys of appellees had made demand on the said Wheeler for this difference, and suit was not brought until January 3, 1911.

The appellant makes the point that, as the guaranty was for the payment by the guarantor at 60 days' maturity of all goods purchased, unless the goods were sold on 60 days' time there could be no liability under the terms of the guaranty. We do not so construe the instrument of guaranty; but, even if so, there was evidence from which the court could find this to be the fact, as the member of appellee's firm who acted in this transaction for appellees, one Marcus S. Fechheimer, testified that the account was due 60 days after shipment.

There are several assignments of error based on the rulings of the court on the pleadings, but they present the same questions that we have considered and discussed in treating what are conceded by appellant to be the crucial points involved in the case as presented on this appeal, and from our holdings it will be seen that we do not think the trial court was in error in any of the rulings made on the pleadings.

Let the judgment of the lower court be affirmed.

Affirmed.