McLEAN COUNTY BANK, Plaintiff-Appellee, v. CHARLES E. BROKAW, SR., Defendant-Appellant (Eleanor Brokaw, Defendant).—McLEAN COUNTY BANK, Plaintiff-Appellant, v. ELEANOR BROKAW, Defendant-Appellee (Charles E. Brokaw, Sr., Defendant).

Fourth District   Nos. 4—85—0760, 4—85—0771 cons.

Opinion filed October 6, 1986.—Rehearing denied November 3, 1986.

Costigan & Wollrab, of Bloomington, for Charles E. Brokaw, Sr., and Eleanor Brokaw.

Thomas M. Barger III, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for McLean County Bank.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiff, McLean County Bank, filed a two-count complaint against defendants, seeking to recover on two separate guaranty agreements. In count I, plaintiff sought to recover from Charles E. Brokaw, Sr., on a guaranty agreement for the principal amount of $250,000 which was signed by Charles E. Brokaw, Sr., only. In count

II, plaintiff sought to recover from Eleanor Brokaw on a guaranty agreement for the principal amount of $200,000 which was signed by both Eleanor and Charles Brokaw, Sr. Following a bench trial, the circuit court found for the plaintiff and against the defendant Charles E. Brokaw, Sr., on the count which referred to the guaranty signed by Charles E. Brokaw, Sr., only, and entered a judgment in plaintiff's favor for the principal amount of $250,000 plus accrued interest, which the parties stipulated to be $141,080.57, for a total of $391,080.57. The circuit court found for defendant Eleanor Brokaw on the count which referred to the guaranty signed by both Eleanor and Charles Brokaw, Sr. Plaintiff appeals, seeking to recover against Eleanor Brokaw on the guaranty which Mr. and Mrs. Brokaw both signed. Defendant Charles E. Brokaw, Sr., appeals, contending that neither of the two guaranties are enforceable. The appeals were consolidated.

We affirm in part and reverse in part and modify the judgment of the circuit court of McLean County.

Plaintiff began loaning money to defendants' son, Charles Brokaw, Jr., in 1977 for the operation of a farm. At the time the original loan was made, and as a condition precedent to the making of the loan, plaintiff asked defendants to sign a guaranty agreement in the principal amount of $50,000 in addition to all interest which would accrue on this principal amount to provide security for their son's debt. Defendants executed said $50,000 guaranty agreement on January 24, 1977.

As defendants' son required additional funds to operate his farm, plaintiff made other loans to defendants' son and requested that defendants execute further guaranty agreements to cover these amounts. Subsequent guaranty agreements in the principal amounts of $75,000, $100,000, and $200,000 were signed by both defendants. Before each of these three subsequent agreements were signed, defendants' son was already indebted to plaintiff for a principal amount in excess of the amount of the guaranty agreement which was already in place. The understanding and practice of plaintiff and defendants was that when a subsequent guaranty agreement for a greater amount was executed by defendants, the prior agreement was replaced and extinguished.

By a letter dated March 21, 1980, plaintiff requested defendants to execute a guaranty agreement for the principal amount of $250,000. On March 28, 1980, Charles Brokaw, Sr., signed this guaranty agreement. Eleanor Brokaw did not sign the guaranty agreement for the principal amount of $250,000, and claimed to have no

knowledge of her husband's execution of that guaranty agreement.

Charles Brokaw, Jr., defaulted on his loan payments, and plaintiff filed a complaint to foreclose on the guaranty agreement for the principal amount of $200,000 which was signed by both defendants and the guaranty agreement for the principal amount of $250,000 which was signed by Charles Brokaw, Sr., only. The circuit court held that Eleanor Brokaw was not liable to plaintiff for any amount, but that Charles Brokaw, Sr., was liable to plaintiff for $250,000 plus accrued interest on that amount. The parties stipulated that the accrued interest on the principal amount of $250,000 was $141,080.57. The circuit court entered a judgment for plaintiff and against Charles Brokaw, Sr., for $391,080.57.

Charles Brokaw, Sr., appeals from the judgment entered against him (No. 4—85—0760), contending that the guaranty agreement provided a maximum amount which could be loaned to the principal debtor, and that the plaintiff breached the guaranty agreement by loaning amounts in excess of this maximum amount, thereby relieving him from any obligations under the guaranty agreement. Charles Brokaw, Sr., relies upon *King Korn Stamp Co. v. Guaranty Bank & Trust Co.* (1969), 114 Ill. App. 2d 428, 252 N.E.2d 734, for the proposition that if a clause in a guaranty agreement limits the amount a bank may lend to the principal debtor, and that amount is exceeded, the guarantor is released from liability under the guaranty agreement.

Although we do not believe that *King Korn* is distinguishable from the instant case, our research reveals that the holding in *King Korn* is inconsistent with the vast majority of cases from other jurisdictions. As has been stated:

> "The general rule is that in the absence of the expression of a contrary intention, the specification of the amount of credit to be extended, and a fortiori, the specification of a maximum amount of the guaranty, is indicative of an intention to limit the amount of the guarantor's liability, and not to limit the amount of the net credit which may be extended to the debtor, as a condition of any liability at all on the part of the guarantor. In the overwhelming majority of cases, the language of instruments construed by the courts has been held not to be conditional, but merely to limit the amount of the guarantor's liability. In the few cases in which the language has been held conditional, and the breach thereof by the creditor to discharge the guarantor from all liability, that intention was clearly and unequivocally expressed. And in many more cases in which the

language could very well be strongly argued to limit the amount of credit to be extended, it has nevertheless been held not to be conditional, but merely to limit the amount of the guarantor's liability. In short, the courts appear clearly reluctant to relieve a guarantor of all liability, unless that course becomes inescapable because of the breach of a condition stated to be such with the utmost clarity and definiteness.

\*\*\*

The extension of net credit in excess of the amount of credit specified in the guarantor's contract, or, a fortiori, in excess of the amount of the guaranty, does not discharge or release the guarantor from all liability, in the absence of a clear expression of intention in the contract that the specified amount constitutes a limitation on the amount of credit to be extended to the debtor, as an absolute condition of the guarantor's undertaking.'' Annot., 57 A.L.R.2d 1209, 1211-12 (1958).

■ Additionally, *King Korn* appears to be in conflict with previous Illinois case law on this issue. (See *Scovill Manufacturing Co. v. Cassidy* (1916), 275 Ill. 462, 114 N.E. 181; *Taussig v. Reid* (1893), 145 Ill. 488, 32 N.E. 918; *United States Gypsum Co. v. Bernstein* (1912), 169 Ill. App. 474.) Furthermore, we disagree with the reasoning and the holding of *King Korn*. For the foregoing reasons we choose not to follow *King Korn*, and hold that the circuit court did not err in rejecting defendants' argument that they were released from liability on the guaranty agreements because the bank loaned their son more money than defendants guaranteed.

Plaintiff appeals from the judgment entered in favor of Eleanor Brokaw (No. 4—85—0771), contending that they should be allowed to recover from Eleanor Brokaw on the $200,000 guaranty agreement in addition to the judgment they already received pursuant to the $250,000 guaranty agreement. Plaintiff makes this argument despite the fact that it freely admitted, both at the trial of this cause and in its appellate briefs, that it was the intention of the plaintiff when the $250,000 agreement was prepared that it would replace the $200,000 agreement. Eleanor Brokaw contends that she was relieved of any obligation on the $200,000 guaranty agreement when plaintiff accepted a new loan guaranty from Charles Brokaw, Sr.

■ On the one hand, it is inconceivable to use that plaintiff could have received a greater amount of security by having only Charles Brokaw, Sr., sign the subsequent guaranty agreement than they would have had if Eleanor Brokaw signed the document as well. On

the other hand, it is clear to us that one co-guarantor cannot release another co-guarantor from all liability simply by signing a new agreement.

By signing the $250,000 guaranty agreement, Charles Brokaw, Sr., agreed to be liable for an additional principal amount of $50,000. Although Eleanor Brokaw did not agree to be liable for an additional principal amount of $50,000, it is inconceivable that her liability for the principal amount of $200,000 could have been extinguished by a unilateral act of her husband. However, because of the parties' prior practice of having subsequent guaranty agreements replace and extinguish prior agreements, and because of the obvious intentions of the parties, it would be unconscionable to hold that plaintiff could recover the entire principal amounts plus accrued interest of both the $200,000 guaranty agreement which was executed by both defendants and the $250,000 guaranty agreement which was signed by Charles Brokaw, Sr.

Consequently, we believe that the appropriate outcome of this case is to hold Eleanor and Charles Brokaw, Sr., jointly and severally liable for $200,000 plus accrued interest pursuant to the $200,000 guaranty agreement they both signed, and to hold Charles Brokaw, Sr., personally liable for an additional $50,000 plus accrued interest as a result of the increased liability he alone assumed by executing the guaranty agreement in the principal amount of $250,000.

We hereby reverse the judgment of the circuit court of McLean County as to Eleanor Brokaw (No. 4—85—0771), and enter a judgment for plaintiff against Eleanor Brokaw and Charles Brokaw, Sr., jointly and severally for $312,864.46, representing the principal amount of $200,000 plus the interest accruing thereon. Additionally, we hereby enter a judgment for plaintiff and against Charles Brokaw, Sr., personally, for $78,216.11, representing the principal amount of $50,000 plus the interest accruing thereon.

No. 4—85—0760 affirmed in part, reversed in part, and modified. No. 4—85—0771 reversed and modified.

GREEN and MORTHLAND, JJ., concur.