## DOUD et al. v. NATIONAL PARK BANK OF NEW YORK.

(Circuit Court of Appeals, Fifth Circuit. February 6, 1893.)

### No. 84.

GUARANTY—NOTICE—CONSIDERATION.
   A personal guaranty given by stockholders and directors of a bank to another bank, in consideration of "loans, discounts, or other advances to be made," for the repayment of any indebtedness thus created, imposes a liability on the guarantors, when acted on by the guarantee, though no notice of acceptance of the guaranty was given; for the contract shows a personal interest of the guarantors in the advances, constituting a consideration moving to them.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Alabama.

Action by the National Park Bank of New York against Edward Doud and others to recover upon a guaranty. Judgment for plaintiff. Defendants bring error. Affirmed.

R. H. Wilhoyte and Thomas R. Roulhac, (Wilhoyte & Harris, on the brief,) for plaintiffs in error.

W. A. Gunter, (Semple & Gunter, on the brief,) for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. The defendant in error, the National Park Bank of New York, brought its action below against the plaintiffs in error on a written guaranty expressed in the following words:

"Whereas, the First National Bank of Sheffield, Alabama, desires to establish a credit with the National Park Bank of New York whereby it may obtain advances, loans, or discounts from the said National Park Bank: Now, therefore, the undersigned, being five in number, and stockholders and directors of the bank first above named, to wit, Charles D. Woodson, Robert Cloud, James R. Crowe, Edward Doud, J. G. Chamberlain, in consideration of one dollar to each of them in hand paid, the receipt whereof is hereby acknowledged, and of the said loans, discounts, or other advances to be made, do hereby jointly and severally guaranty, promise, and agree to and with the said National Park Bank that the said First National Bank of Sheffield, Alabama, shall repay on demand to the said National Park Bank any and all sums in which the first-named bank shall be or become indebted or liable to the said National Park Bank by reason of any or all of said discounts, loans, or other advances, with interest thereon, as the same may properly accrue, at the rate of six per cent. per annum; and, in default of such payment by the said First National Bank of Sheffield, Alabama, the undersigned hereby jointly and severally

agree to pay the same on demand, together with any interest which may have accrued thereon, and to fully indemnify and save harmless the said National Park Bank against all loss, damage, and injury by reason of said loans, discounts, or advances, the same not to exceed at any one time an aggregate of twenty-five thousand dollars of principal. This obligation is to be a continuing one for a period of eight months from its date, and is to apply to and cover all overdrafts, loans, advances, and discounts made as above named during the period.

"Dated at Sheffield, Alabama, this 13th day of May, 1889.

"Chas. D. Woodson.
"Robert Cloud.
"James R. Crowe.
"Edward Doud.
"J. G. Chamberlain."

It alleged that said writing was accepted as a security and indemnity for advances, loans, and discounts to be made by it to the said Sheffield Bank, upon the faith of which it did make such advances, loans, and discounts to said Sheffield Bank, on account of which a balance is overdue, unpaid, and owing the guarantee bank from said Sheffield Bank and the said guarantors. The plaintiffs in error demurred to the declaration, on the ground that the complaint does not show that notice of the acceptance of said guaranty was given the guarantors. This demurrer being overruled, the same defense, in two phases of it, was presented by pleas, which were stricken out on motion of the plaintiffs, and, the case going to trial, judgment was rendered against the guarantors, who sued out a writ of error, and assigned these specifications of error:

"(1) That the circuit court erred in overruling the demurrer of the plaintiffs in error, defendants below, to the complaint of the defendant in error, plaintiff below; (2) that the circuit court erred in sustaining the demurrers of the defendant in error, the plaintiff below, to the second plea of plaintiffs in error, defendants below, to the complaint in this cause; (3) that the circuit court erred in sustaining the motion of the defendant in error in the court below, to strike out the portions of the third plea of the plaintiffs in error, which was in words and figures as follows, to wit: 'Defendants aver that they had no notice that plaintiff had made any advancements, loans, or discounts to or for the First National Bank of Sheffield, Alabama, or that plaintiff made any advancements, loans, or discounts to said bank on the faith or security of these defendants.'"

We are of opinion that there was no error in these rulings of the circuit court. The writing declared on shows that the guarantors had a direct personal interest in the credit to be extended to the principal debtor, and it expresses that a part of the consideration, and clearly the whole real consideration, moving them, is "the said loans, discounts, and other advances to be made." Concede that the writing is an offer of guaranty; it is given on a consideration moving to the guarantors through their bank, and in such cases the performance of the consideration by the guarantee implies its acceptance, completes the contract, and imposes the liability. Langd. Cas. Cont. p. 987. The precedents on this subject are reviewed, and their doctrine stated, in Davis v. Wells, 104 U. S. 159. There is nothing in the case of Sewing Mach. Co. v. Richards, 115 U. S. 524, 6 Sup. Ct. Rep. 173, to suport the contention of the plaintiffs in error in this case. There it affirmatively appeared that there was not

a contemporaneous acceptance, and it did not appear that any consideration moved from the guarantee to the guarantors, or that the guarantors had any interest in the matter except as purely accommodation indorsers in case their sufficiency was approved and their guaranty accepted by the sewing machine company.

The judgment of the circuit court is affirmed.