## George Mamerow v. National Lead Co.

1. GUARANTY—*Contract of, Not to be Extended by Implication.*—The liability of a guarantor is not to be extended or limited by implication beyond the terms of the contract.

2. SAME—*Construction of the Contract of.*—A contract of guaranty

Mamerow v. National Lead Co.

is to be construed fairly and reasonably, according to the intention of the parties. If the party secured has advanced his money on the faith of the interpretation most favorable to his rights, such interpretation will ordinarily prevail, if it is reasonably open to such interpretation.

3. Same—*Notice of the Default of the Guarantor.*—Whenever the undertaking of a guarantor is absolute, notice is not necessary; but where it is collateral merely, notice must be given within a reasonable time, otherwise the guarantor will be discharged, unless he has not been prejudiced by the want of such notice.

4. Same—*Notice—Where the Guaranty is Absolute.*—Where the contract of guaranty is absolute the guarantor is not entitled to demand or notice of non-performance; but where it is collateral and not absolute, notice must be given within a reasonable time, unless circumstances exist which will excuse the want of notice. If the principal is insolvent when the debt becomes due or default is made, so that no benefit can be derived from the receipt of notice, no notice is required.

5. Evidence—*Matters Showing that the Guarantor Has Not Been Prejudiced by the Want of Notice, Not Admissible Under the General Issue.*—In an action upon a contract of guaranty, evidence that the defendant has not been prejudiced by the want of notice of non-performance, is not admissible under the general issue.

6. Notice—*Prejudice by Want of, as a Defense in Actions upon Contracts of Guaranty.*—In an action upon a contract of guaranty, evidence of prejudice by the want of notice is affirmative proof admissible only when such defense has been specially pleaded and the burden of maintaining such defense is upon the party pleading it.

7. Contracts—*Liability of Guarantor.*—The liability of a guarantor under a collateral or conditional contract of guaranty is to pay if the principal debtor fails to do so and creditors are not bound to institute legal proceedings against the debtor, but are required to use reasonable diligence to make a demand and give notice of the non-payment.

8. Same—*Notice Where the Contract is Collateral.*—Where the contract of guaranty is collateral, notice of the non-performance must be given within a reasonable time, otherwise the guarantor will be discharged, unless he has not been prejudiced by the want of notice.

Assumpsit, on a contract of guaranty. Error to the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1901.

**Statement.**—This is a suit against plaintiff in error to recover a balance for goods sold by defendant in error to a corporation known as the Berner-Mayer Company. The action is based upon the following guaranty:

" Agreement, made this 19th day of March, 1897, between Herman D. Berner, residing at 3673 Euclid avenue, in the

city of Cleveland, Ohio, and Jacob J. Mayer, residing at the Arlington Hotel, in the city of Cleveland, Ohio, and George Mamerow, residing at Irving Park, in the city of Chicago, Illinois, parties of the first part, and National Lead Company, a corporation of New Jersey, doing business at No. 287 Pearl street in the city of New York, of the second part, witnesseth :

Whereas, The Berner-Mayer Company, a corporation organized under the laws of Ohio, and doing business in the city of New York and at Cleveland, Ohio, is indebted to the National Lead Company in various sums of money for goods sold and delivered on open account and for other accounts; and

Whereas, the said National Lead Company has called upon the said The Berner-Mayer Company for security for its indebtedness to said National Lead Company, and has refused to permit the indebtedness of said The Berner-Mayer Company to increase until the said present indebtedness is amply secured; and

Whereas, the said parties of the first part are interested in the said The Berner-Mayer Company as stockholders and directors thereof and desire that the said National Lead Company shall continue to sell goods to the said The Berner-Mayer Company, and have requested it so to do; and

Whereas, the parties of the first part have agreed to furnish the said National Lead Company security for all accounts due and to become due from said The Berner-Mayer Company to said National Lead Company.

Now, therefore, in consideration of the foregoing, and in consideration of the sum of one dollar and other valuable consideration to the parties of the first part in hand paid by the parties of the second part, at or before the ensealing and delivery of these presents, the said party of the first part do jointly and severally, and for their heirs, executors and administrators, guarantee to the said National Lead Company the payment to said National Lead Company, upon demand, of all moneys, debts, obligations and demands of whatever nature or character, now due or which may hereafter become due from said The Berner-Mayer Company to the said National Lead Company.

In witness whereof, the said parties of the first part have hereunto set their hand and seal this 19th day of March, 1897.                                    HERMAN D. BERNER,
                                              JACOB J. MAYER,
In the presence of                            GEORGE MAMEROW."
          R. M. MORLEY.

To the declaration in assumpsit the defense pleaded only the general issue with an affidavit of merits. The cause was submitted to the court, a jury having been waived, and the issues were found in favor of the plaintiff. Damages were assessed at $4,778.71.

It appeared from the evidence that the Berner-Mayer Company was an Ohio corporation, with offices at Cleveland, New York and Brooklyn. The items for which plaintiff in error was held liable under the guaranty were all sold and delivered to the New York and Brooklyn branches. The company made an assignment for the benefit of its creditors December 17, 1897. The day following, defendant in error began a suit in attachment in New York and recovered judgment against the Berner-Mayer Company, the insolvent corporation, upon which, however, nothing, it is said, has been realized.

BENSON LANDON, attorney for plaintiff in error.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The account for which it is sought to recover in the present case against the plaintiff in error as guarantor was wholly created after the execution of the alleged guaranty.

It is claimed that no notice was given to the guarantor here sued, of the acceptance of the guaranty by the National Lead Company. It was, however, executed and delivered, and no notice was necessary under the facts.

It is also claimed that no notice of the default of the Berner-Mayer Company in making payment on the account, now said to have been included under the guaranty, was ever given. Plaintiff in error testifies that he first learned of the existence of the debt for which he is now sued in December, 1898, or January, 1899, at least a year after the failure of the Berner-Mayer Company, and about a year and nine months after the execution of the guaranty. Previous

to that time he states that he had no knowledge that defendant in error had extended credit for any goods sold after 'the said instrument was executed and delivered.

It is first contended, on the part of the plaintiff in error, that the guaranty in question does not apply to nor include purchases thereafter made. With this contention we are unable to agree. The preamble of the instrument states that the National Lead Company " has refused to permit the indebtedness of said The Berner-Mayer Company to increase until the said present indebtedness is amply secured," and that the parties to the guaranty " desire that the said National Lead Company shall continue to sell goods to the said The Berner-Mayer Company, and have requested it so to do," in consideration of which, among other things, the guaranty is made of all debts, " of whatever nature or character, now due, or which may hereafter become due, from said The Berner-Mayer Company to the said National Lead Company." It is true that there is room for argument that this ·phraseology shows the guaranty was intended to and does apply only to existing and not to future indebtedness. All the indebtedness then existing has, it appears, been paid. But, looking at the instrument as a whole, it is certainly open to the construction that it was intended to cover debts not only due, but which might become due thereafter in pursuance of the expressed wish of the guarantors that the Lead Company should continue to sell goods to the Berner-Mayer Company. We can not agree with counsel for plaintiff in error " that the recitals expressly limit the guaranty ' to the said present indebtedness.' " There is a recital which states the guarantors have agreed to furnish " security for all accounts due and to become due from said The Berner-Mayer Company " to the Lead Company. There is no limitation here of the security to accounts already existing; and where the parties themselves have made no such limitation, we know of no canon of construction that would justify the court in making it for them. While it is true that the liability of a surety is not to be extended by implication beyond the

terms of the contract (Shreffler v. Nadelhoffer, 133 Ill. 536; Tolman Co. v. Rice, 164 Ill. 255), it is also true that it is not to be limited by implication beyond its terms.   In Smith v. Molleson, 148 N. Y. 241, it is said :

"Like all other contracts, the undertaking of a surety must be construed fairly and reasonably, and according to the intention of the parties.   If the party secured has advanced his money on the faith of the interpretation most favorable to his rights, that will ordinarily prevail, if the instrument is open reasonably to such interpretation."

In Lawrence v. McCalmont, 2 How. 426, 450, it is said by Justice Story that letters of guaranty "ought to receive a liberal interpretation;" that they are commercial instruments, generally drawn by merchants in brief language, sometimes inartificial and often loose in their structure and form;" and "if the language used be ambiguous and admits of two fair interpretations, and the guarantee has advanced his money upon the faith of the interpretation most favorable to his rights, that interpretation will prevail in his favor; for it does not lie in the mouth of the guarantor to say that he may, without peril, scatter ambiguous words, by which the other party is misled to his injury." We regard the guaranty as fairly subject to the interpretation that it was intended to cover future sales made in accordance with the request, as therein stated, of the guarantors.

It is further contended that plaintiff in error is not liable under the guaranty because notice of the default of the Berner-Mayer Company should have been given within a reasonable time after such default.   It is claimed this was not done, more than a year having expired thereafter, and after the failure of the Berner-Mayer Company.   In Taussig v. Reid, 145 Ill. 488, 491, the court says :

"Story on Contracts, Vol. 2, Sec. 1133, in the discussion of the question, says : 'Whenever the undertaking by a guarantor is absolute, notice is necessary; but where it is collateral merely, notice must be given within a reasonable time, otherwise the guarantor will be discharged, unless he is not prejudiced by the want of notice.'   In Baylies on Sureties and Guarantors, 202, the author says : 'It may

be laid down as a general rule, that in case of an absolute guaranty the guarantor is not entitled to demand or notice of non-performance; but where the undertaking is collateral, and not absolute, notice must be given within a reasonable time, unless circumstances exist which will excuse the want of notice. If the principal is insolvent when the debt becomes due or default is made, so that no benefit could be derived by the guarantor from the receipt of notice, no notice is required.' * * * The principle upon which this doctrine rests, is that the contract is absolute, and not conditional or collateral. But does the contract upon which this action is brought rest upon the same principle, or is it to be governed by a different rule?"

Answering the question, the court holds that after the guaranty was executed, if appellee chose not to sell any goods to the party for whom the guaranty was made, " it could not be claimed that an absolute guaranty existed, because there was no debt upon which it could operate. How can a guaranty be absolute where it is uncertain whether a debt will ever exist to which it could apply?" Applying the principle so stated to the case at bar, it is clear, we think, that the guaranty can not be deemed absolute, but conditional or collateral, requiring notice to be "given within a reasonable time, otherwise the guarantor will be discharged, unless he is not prejudiced by the want of notice." Story on Contracts, Vol. 2, Sec. 1133, quoted in Taussig v. Reid, supra.

Was the guarantor in the case before us so prejudiced? If he was it does not, we think, so appear. The trial court held evidence upon that subject inadmissible under the pleadings. In this there was no error. The only plea, as above stated, was the general issue. Under this plea, it is true, any matter which shows the plaintiff never had a cause of action, and most matters showing no subsisting cause of action at the commencement of the suit, may be given in evidence. But the introduction of evidence to show that the plaintiff in error was prejudiced by the want of notice is something more than mere matter of defense. It is affirmative proof which can only be introduced when such defense has been specially pleaded, and the burden of

maintaining such pleas is on the party setting up such matter of defense.

It is urged that though the guaranty be regarded as covering future credits, it was nevertheless necessary for the guarantee to exercise due diligence in the prosecution of its claim against the principal debtor, and this, it is urged, was not done. The liability of a guarantor under a collateral or conditional guaranty is to pay if the principal debtor fails to do so, in the present case "upon demand." "The creditors are not, indeed, bound to institute any legal proceedings against the debtor, but they are required to use reasonable diligence to make demand and to give notice of the non-payment." Where the undertaking "is collateral merely, notice must be given within a reasonable time, otherwise the guarantor will be discharged, unless he is not prejudiced by the want of notice." "If the writer states that he will guarantee the payment of the goods to be afterward sold to another, or that he will see the goods paid for, or that he will be security for their payment, the promise is only collateral." Taussig v. Reid, *supra*, p. 493, and cases there cited. In the language of the guaranty now under consideration, there is warrant for the construction that the guarantors intended to and did bind themselves to pay any and all obligations of whatever character were or might become due the guarantee from the Berner-Mayer Company "upon demand," without reference to when the demand should be made. The guaranty is not to pay at maturity of such indebtedness, but "upon demand." As to indebtedness existing at the time of the guaranty, it was absolute. "A contract guaranteeing the payment of a note or debt, is an absolute contract." Dillman v. Nadelhoffer, 160 Ill. 121, 125. But it was conditional as to future indebtedness, as above stated. It is claimed by defendant in error that the guarantor, as a stockholder and director of the Berner-Mayer Company, must be deemed to have had notice of the failure of said company to pay its indebtedness to the guarantee, and that the latter was therefore relieved from the necessity of giving such notice. In view, however,

of the failure of plaintiff in error to show under appropriate plea that he has been in any way prejudiced by the alleged want of notice, we do not deem it necessary to consider at length whether, had he made such defense, it could have availed him in the present case.

Under the pleadings, we find no error in the refusal of the trial court to admit the evidence offered by plaintiff in error for the purpose of endeavoring to show a want of notice, and that the insolvent corporation was in possession of goods until the date of its assignment sufficient to have satisfied the claim of the guarantee; and other evidence not admissible under the general issue.

The judgment of the Superior Court must be affirmed.