EMERSON MANUFACTURING COMPANY, A CORPORATION, v. I. K.
TVEDT AND JOHN RUSTAD.

Opinion filed April 14, 1909.

**Guaranty — Notice of Acceptance.**

1.  Defendant signed and delivered the following written instrument,
contained on the back of a contract between plaintiff and one T.,
whereby T., a local dealer, purchased certain farm implements from
plaintiff: "In consideration of one dollar to me in hand paid by
Emerson Manufacturing Company, the receipt of which I hereby ac-
knowledge, I hereby guranatee the fulfillment of the within contract
and the prompt payment of all obligations given under or arising out
of it, and all renewals of the same, on the part of I. K. Tvedt, Kin-
dred, N. D., and waive demand and notice of nonfulfillment and non-
payment. This guaranty is given at the time of the execution of the
within contract, and is made a part of the same." *Held,* that such in-
strument constitutes an absolute guaranty, and hence notice to de-
fendant of plaintiff's acceptance thereof was unnecessary in order to
bind him.

**Case Distinguished.**

2.  Standard Sewing Machine Company v. Church et al., 11 N. D.
420, 92 N. W. 805, distinguished.

Appeal from District Court, Cass county; *Pollock, J.*

Action by the Emerson Manufacturing Company against John
Rustad and another. Judgment for defendant Rustad, and plaintiff
appeals. Reversed.

*Stambaugh & Fowler,* for appellant.

*M. A. Hildreth,* for respondent.

FISK, J.    In the month of March, 1905, plaintiff, Emerson Manu-
facturing Company, a manufacturer of farm implements at Rock-
ford, Ill., entered into the usual contract with defendant Tvedt,
whereby the latter, who was a local dealer in farm machinery at
Kindred, this state, ordered from plaintiff certain machinery at
stipulated prices, to be shipped to Kindred, and said defendant was
given the exclusive sale during said season of such machinery in
the territory tributary to Kindred and other designated points near
there.    Upon the back of the printed order the respondent, Rustad,
signed the following guaranty: "In consideration of one dollar to
me in hand paid by Emerson Manufacturing Company, the
receipt of which I hereby acknowledge, I hereby guar-

antee the fulfillment of the within contract and the prompt payment of all obligations given under or arising out of it, and all renewals of the same, on the part of I. K. Tvedt, Kindred, N. D., and waive demand and notice of nonfulfillment and nonpayment. This guaranty is given at the time of the execution of the within contract, and is made a part of the same. (Signed) John Rustad. Post Ofice, Kindred, N. D." Tvedt defaulted in making payments due plaintiff under the contract, and this action was brought against both Tvedt and Rustad to recover the amount of Tvedt's indebtedness to plaintiff. The amount of such indebtedness is not in dispute, and plaintiff had judgment against Tvedt in the court below; but the trial court directed a verdict in favor of Rustad upon the theory that there was no liability against him, because plaintiff never notified him of its acceptance of the Tvedt contract or order, and such ruling constitutes the sole error complained of.

The learned trial court no doubt considered the instrument which respondent signed as a mere offer of guaranty, and not an absolute guaranty, and hence, under the well-established rule recognized by this court in Standard Sewing Machine Co. v. Church et al., 11 N. D. 420, 92 N. W. 805, no liability arose thereunder, because plaintiff failed to notify Rustad of its acceptance of and reliance upon the same. This was clearly erroneous. The instruments in these cases are widely different, and such difference is plainly pointed out by the authorities hereinafter cited. The guaranty in the case at bar recited a consideration moving directly from plaintiff, the guarantee, to Rustad, the guarantor, and this is held sufficient everywhere to show an absolute contract of guaranty, as distinguished from a mere offer of guaranty. As stated by eminent authority, "a contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract." Machine Company v. Richards, 115 U. S. 524, 6 Sup. Ct. 173, 26 L. Ed. 480. Nor is the fact that the consideration was merely nominal, or not in fact paid, at all material. Lawrence v. McCalmont, 2 How. 426, 11 L. Ed. 326; Davis v. Wells, 104 U. S. 159, 26 L. Ed. 686. In addition to the above authorities, see,

also, the following as lending support to the views here expressed: Furst & Bradley Mfg. Co. v. Black, 111 Ind. 308, 12 N. E. 504; Wright v. Griffith, 121 Ind. 478, 23 N. E. 281, 6 L. R. A. 639; Bank v. Parrott, 125 Cal. 472, 58 Pac. 164, 73 Am. St. Rep. 64; 20 Cyc. 1407-1409, and numerous cases therein cited. The fact that the Tvedt order or contract contains a clause to the effect that the same is made subject to the approval and acceptance in writing of Emerson Manufacturing Company at its home office, and the same was not thus accepted, does not exonerate respondent from liability. The proof conclusively shows that plaintiff in fact approved such contract and acted thereunder in furnishing machinery to Tvedt.

Judgment reversed, and new trial ordered as to respondent Rustad. All concur.