# NORTHERN NATIONAL BANK v. H. N. DOUGLAS AND OTHERS.[1]

### December 8, 1916.

### Nos. 20,137—(81).

**Guaranty — consideration — evidence admissible when recital is vague.**

1. A recital of a consideration in a guaranty which does not state by whom or to whom paid, permits proof from the guarantor that he did not receive any, and that as to him the instrument is without consideration.

**Same — construed to be an offer requiring notice of acceptance.**

2. The evidence sustains the finding that respondent signed the guaranty without consideration. It was not signed by him at the request of the guarantee; nor was it delivered to the latter by the former; nor was it made contemporaneous with the extension of credit to the party guaranteed; nor does it appear that it could apply to any but future loans to such party. Hence the guaranty was in legal effect a proposal needing a notice of acceptance from the guarantee to the guarantor to make it a binding contract as to him.

**Evidence insufficient to permit recovery.**

3. Irrespective of consideration and of the legal effect of the instrument signed by respondent, there can be no recovery under the facts found.

Action in the district court for Anoka county against H. N. Douglas, J. J. Anderson, F. R. Patterson and H. G. Anderson to recover $285.75 upon defendants' written guaranty which is quoted at the beginning of the opinion. The answer, among other matters, alleged that in January, 1911, the lumber company made a settlement in full with plaintiff for the sum of $10,000, for which two notes, due on March 4, 1911, were made and delivered to plaintiff, and that upon maturity both notes were paid in full. The case was tried before Quinn, J., who made the findings given in the first paragraph of the opinion and ordered judgment

[1] Reported in 160 N. W. 193.

135 M—6

in favor of defendant Anderson. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Knox & Faber,* for appellant.

*E. H. Nicholas,* for respondent.

HOLT, J.

Respondent and three of the officers of the Douglas Lumber Company, a corporation, signed a guaranty dated January 30, 1909, addressed to appellant. The parts thereof deemed material on this appeal read as follows: "In consideration of One Dollar, and other valuable considerations, we jointly and severally guarantee to you, your successors or assigns, the payment at maturity to you, your successors or assigns, of all sums of money that may now or at any time hereafter be owing to you by The Douglas Lumber Company, a corporation, doing business in Bemidji, Minnesota, on any account or for any reason whatsoever, and we hereby authorize you at any time, in such manner and upon such terms and for such time as you may see fit, to extend the time and manner for the payment of said sum or sums of money. * * * It is hereby expressly agreed and understood that the liability of the undersigned under this guarantee shall in no event exceed the sum of Three Thousand Dollars ($3,000)." In the fall of 1909 the Douglas Lumber Company entered upon an extensive logging enterprise requiring a credit of $20,000, or more. Under the law regulating the business of national banks, appellant was not permitted to loan to any one party more than $6,000. An arrangement was therefore made to obtain the money needed from certain other banks. The notes of the Douglas Lumber Company were made to appellant and immediately indorsed to the other banks. One of these notes, or a renewal, dated August 22, 1910, for $3,000, upon which there is unpaid the sum of $1,285.75 and some interest, is the basis for this action upon the guaranty. Under the issues made by the pleadings the court found, in addition to the facts already stated, that, at the special instance and request of the three officers of the Douglas Lumber Company who had signed the guaranty, the respondent signed the same without consideration and without knowledge that appellant or any of its officers had knowledge of the existence of such contract, and left the same in a law office with the managers of the lumber company; that at the time of signing the guaranty respondent was a

stranger in the city of Bemidji and had no knowledge of the dealings of the Douglas Lumber Company with appellant, other than a general knowledge that it did its banking business with and at times borrowed money of appellant; that appellant never notified respondent of its acceptance of the guaranty; that, on August 22, 1910, the Douglas Lumber Company executed the note mentioned, payable on demand, to appellant; that this note was never carried as an asset of appellant until in January, 1915, but during said time was owned and held by a Crookston bank; that on October 6, 1910, the signers of the guaranty other than respondent sold their stock in the lumber company to H. H. Berge, and the latter, in company with respondent, went to appellant and settled all of the indebtedness of the lumber company to appellant by giving three notes, each for $5,000, one of which was executed by Berge, one by the company, and one by respondent, which said notes were paid, and that respondent had no knowledge then of the existence of the note in suit nor was he informed at any time prior to October, 1912, of its existence. As conclusions of law the court found that the guaranty was a conditional undertaking, that because of want of notice of acceptance respondent is not liable, and that appellant was not entitled to recover.

The only findings of fact challenged by the assignments of error are: That the court erred in finding that respondent signed the guaranty without consideration and without any knowledge on his part that the appellant or any of its officers had any notice or knowledge of the guaranty, and in finding that appellant never notified respondent of its acceptance of the guaranty. In appellant's brief it is conceded that no notice of acceptance was given to respondent. And the evidence sustains the finding that respondent signed without any knowledge on his part that the appellant or any of its officers had any notice or knowledge of the guaranty. Therefore the only finding of fact to examine, with a view to determine whether it is supported by sufficient evidence, is the one that respondent signed the guaranty without consideration. That is, without a legal consideration moving from the bank to him.

The guaranty purports to be for a consideration, but, since it does not show by whom or to whom paid, it was open to proof. Davis Sewing Machine Co. v. Richards, 115 U. S. 524, 6 Sup. Ct. 173, 29 L. ed. 480; Clinton Bank v. Goldstein, 86 Mo. App. 516. The proof was that re-

spondent received no consideration at the time he signed. The only consideration that could be claimed is that he was a stockholder in the lumber company, and hence would be benefited by the credit extended to it. We understand that appellant now makes that contention. It was apparently thought little of at the trial, and but for a question put to respondent by his own counsel, on rebuttal, to establish that respondent's relation to the lumber company and to the bank was not changed at the time of the alleged settlement of October 6, 1910, it would not have appeared with any certainty that respondent had an interest in the lumber company when he signed the guaranty. But we think the benefit to accrue to respondent as a stockholder in the company from an extension of credit to it was not a consideration operating at the time the guaranty was signed, so as to make the same absolute in virtue of a consideration received. No advantage could flow to respondent as stockholder until appellant chose to make a loan to the lumber company. There is no evidence that any was made contemporaneously with the signing or delivery of the guaranty. The possible advantage to respondent as a stockholder does not seem to come within the definition of adequate consideration to make a guaranty binding given in the leading case of Davis v. Wells, 104 U. S. 159, 26 L. ed. 686, where the court, in speaking of what makes a guaranty absolute, says: "It must be so wherever there is a valuable consideration, other than the expected advances to be made to the principal debtor, which, at the time the undertaking is given, passes from the guarantee to the guarantor."

But, irrespective of consideration, appellant claims the guaranty absolute, requiring no notice of acceptance. It is plain that respondent's undertaking was not original but collateral or conditional upon the lumber company's defaulting in the payment of loans made to it. The law is that a guaranty, although without consideration, is absolute when it is signed by the guarantor at the request of the guarantee, or where it is delivered by the former to the latter, or its execution is contemporaneous with the extension of credit to the principal. The findings negative the existence of any matter which, under the rules stated, would go to make this guaranty absolute, or which would avoid the necessity of notice of acceptance. We must also assume that it relates to future loans and

credits, for there is no evidence of any indebtedness of the lumber company to the bank in January or February, 1909. Therefore, Winnebago Paper Mills v. Travis, 56 Minn. 480, 58 N. W. 36, applies. From that case and others down to J. R. Watkins Medical Co. v. McCall, 116 Minn. 389, 133 N. W. 966, it is manifest that this court adheres to the views entertained by the Supreme Court of the United States as to when a contract of guaranty is completed or becomes absolute. In Davis v. Wells, supra, that court carefully reviews its former decisions and gives this as the reason and foundation for its doctrine that notice of acceptance is necessary to complete the contract: "In some instances it has been treated as a rule, inhering in the very nature and definition of every contract, which requires the assent of a party to whom a proposal is made to be signified to the party making it in order to constitute a binding promise." The rule adopted in the other instances alluded to is rejected. The opinion then quotes from Louisville Mnfg. Co. v. Welch, 10 How. 461, 13 L. ed. 497: "The rule requiring this notice within a reasonable time after the acceptance is absolute and imperative in this court, according to all the cases; *it is deemed essential to an inception of the contract."* So here, the agreement being collateral and there being no consideration moving from the guarantee to the guarantor and none of the facts which, in the absence of a consideration, have been held to make the guaranty binding, we believe the essential to the inception of a contract is wanting. The law applicable to this matter is well stated in Davis Sewing Machine Co. v. Richards, 115 U. S. 524, 6 Sup. Ct. 173, 29 L. ed. 480, as follows:

"A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other to complete the contract."

A case very similar to the one at bar, on its facts, is German Savings Bank v. Drake Roofing Co. 112 Iowa, 184, 83 N. W. 960, 51 L.R.A. 758, 84 Am. St. 335, wherein the court, in an exhaustive opinion citing many authorities, arrives at the conclusion that the guaranty failed to become a binding contract for want of notice of acceptance. See also William Deering & Co. v. Mortell, 21 S. D. 159, 110 N. W. 86, 16 L.R.A.(N.S.) 352; DeCremer v. Anderson, 113 Mich. 578, 71 N. W. 1090; Detroit Free Press v. Pattengill, 155 Mich. 272, 118 N. W. 927; Clinton Bank v. Goldstein, 86 Mo. App. 516; Cook v. Orne, 37 Ill. 186; Mayfield v. Wheeler, Geiger & Co. 37 Tex. 256; Wilkins v. Carter Bros. & Co. 84 Tex. 442, 19 S. W. 997; Kellogg v. Stockton & Fuller, 29 Pa. St. 460; and in T. G. Evans & Co. v. McCormick, 167 Pa. St. 247, 31 Atl. 563, the court holds notice of acceptance necessary even where the guarantor signs at the request of the guarantee.

Counsel cites several cases to the proposition that this guaranty is absolute, not needing notice of acceptance, viz: Buhrer v. Baldwin, 137 Mich. 263, 100 N. W. 468; Wise v. Miller, 45 Oh. St. 388, 14 N. E. 218; Clinton Bank v. Goldstein, 86 Mo. App. 516; Bank of Newbury v. Sinclair, 60 N. H. 100, 49 Am. Rep. 307; J. R. Watkins Medical Co. v. Brand, 143 Ky. 468, 136 S. W. 867, reported and annotated in 33 L.R.A. (N.S.) 960; Boyd v. Snyder, 49 Md. 325; Acorn Brass Mnfg. Co. v. Gilmore, 142 Ill. App. 569; Lascelles v. Clark, 204 Mass. 362, 90 N. E. 875; Emerson Mnfg. Co. v. Tvedt, 19 N. D. 8, 120 N. W. 1094; Doud v. National Park Bank, 54 Fed. 846, 4 C. C. A. 607; Bond v. John V. Farwell Co. 172 Fed. 58, 96 C. C. A. 546. In the three last-mentioned cases the instruments recited a consideration received by the guarantors. Such recital, according to all the authorities, makes a binding contract. It is true, that in the Doud case the court also adverts to the interest of the guarantors as directors and stockholders in the bank which was to be accommodated with credit, but for aught that appears the guarantors delivered the instrument to the guarantee. In the Michigan case the opinion states that the guaranty expressed a consideration; and the guaranty set out in the opinion in the case from Ohio recited a consideration moving to the guarantors. In the Illinois case there was a request from the guarantee to the guarantor, a letter of

guaranty from the latter and a formal notice of acceptance. This clearly was a completed contract. The case from Massachusetts is not in point and the one from Missouri is squarely against appellant. The cases from Kentucky and Maryland come the nearest to sustaining appellant, but this court in Watkins Medical Co. v. McCall, supra, took a different view of the same contract considered by the Kentucky court, and what we there said of the conflict of authority, on the proposition now before us, explains the decision from Maryland, and also a remark made to the effect that the instrument was absolute in Frost v. Standard Metal Co. 215 Ill. 240, 74 N. E. 139, although that decision was principally placed on the ground that the guarantor signed at the special request of the guarantee, thus implying receipt of notice of acceptance. In Bank of Newbury v. Sinclair, supra, the agreement to accept was contemporaneous with the guaranty, and the court said: "In such a case all parts of the transaction are connected, and notice of acceptance is implied."

But were there any doubt on the proposition of the necessity of a notice of acceptance, still the conclusion of law that plaintiff take nothing is unavoidable, under the facts found. Appellant seems to contend that respondent should not be permitted to rely upon those findings of fact which do not relate to the court's conclusions of law upon the character of the guaranty and necessity of notice of acceptance. The contention cannot be sustained. If the findings of fact, aside from the issues just mentioned, show that no recovery can be allowed, the order must be affirmed. Although the note in suit was payable to appellant, the facts found indicate that it belonged to another bank from its inception, and was not acquired by appellant until shortly before suit. Even were this guaranty absolute it, of course, could not cover loans made or credits extended to the lumber company by other banks. The evidence indicates, rather clearly, that the law prohibited appellant from making loans to the lumber company in such sums as was necessary for it to have, in order to carry on the extensive logging operations it undertook in the fall of 1909, and that the president of appellant made arrangements to obtain the required sums from other banks. The notes to finance this logging enterprise were not carried as assets of appellant upon its books, and, under the findings, the insertion of appellant's name as payee ap-

pears to have been done for convenience and for the benefit of the bank that actually furnished the money.

The court also found that on October 6, 1910, all of the indebtedness of the lumber company to appellant was settled, and in the settlement respondent gave his personal note for $5,000 to appellant, which note has been paid, as well as the two other notes, in like amounts, given at the same time, one by H. H. Berge and the other by the lumber company. The findings in this respect are perhaps not strictly accurate as to the form of the notes. Respondent's note was made payable to the lumber company and by it indorsed to appellant. But at any rate, in the settlement appellant acquired respondent's individual note for $5,000. This exceeded the guaranty. When respondent gave and paid this note he had no knowledge of the existence of the note in suit. Appellant did not inform him thereof, and it should not now, after having obtained $5,000 from him to take up the lumber company's indebtedness, be permitted to make a further claim against him upon a note acquired by it subsequent to the settlement. We think the guaranty, granting it had an existence,, has been exhausted.

The order is affirmed.

HALLAM, J., (concurring).

I concur on the grounds last stated, namely, that the note sued on was not given for a loan made by plaintiff to the lumber company and never belonged to plaintiff until long after the guaranty had been exhausted.