HIRNING, Sup't of Banks, Respondent, v. JACOBSEN et al, Appellants.

(213 N. W. 505.)

(File No. 5818.   Opinion filed April 23, 1927.)

1. **Guaranty—In Suit Against Guarantors of Bank's Loans And Accommodations, Complaint Alleging Note Was Purchased By Bank Pursuant to Guaranty Agreement Held To Show Transaction Was Accommodation.**

    In suit against guarantors on promissory note purchased by plaintiff, complaint which alleged defendants guaranteed prompt payment at maturity of loans then purchased, or to be purchased, and that note was purchased pursuant to agreement of guaranty held sufficient allegation that purchase of note sued on was within term, "loans and accommodations," covered by guaranty.

2. **Guaranty—Agreement of Directors to Guarantee Unconditionally Accommodations to Bank in Consideration of $1, Receipt Of Which Was Acknowledged, Held ..Absolute Guaranty," Binding Without Notice of Acceptance (Rev. Code 1919, §§ 1479, 1484)**

    Agreement whereby bank's loans and accommodations to another bank were unconditionally guaranteed by directors in

consideration of their extension and of $1 paid, receipt of which was acknowledged, held "absolute and unconditional guaranty," binding without notice of acceptance, under Rev. Code 1919, §§ 1479, 1484, subject to change in character from proof of circumstances surrounding transaction.

3. Guaranty—Guaranty Given to Cover Loans Purchased and To Be Purchased Held "Continuing Guaranty."

Where agreement recited that guarantors had requested extension of loans and accommodations from time to time, guaranty given to cover loans then purchased, and subsequently to be purchased, held "continuing guaranty," in suit by bank against guarantors of note which it purchased.

4. Guaranty—Guarantor Is Not Entitled To Notice Of Each Transaction, Where Guaranty Is Continuing and Absolute.

Where guaranty is continuing and absolute, guarantor is not entitled to notice of each transaction in order to bind him.

5. Guaranty—Statement That Continuing Guaranty Was Unconditional Waived Notice of Separate Transactions Thereunder.

Provision in agreement for continuing guaranty that guaranty was unconditional held waiver of notice of separate transactions thereunder not specifically provided for.

6. Guaranty—Banks and Banking—Directors—Where Persons Guaranteeing Unconditionally Loans and Accommodations to Bank Recited That They Were Directors Financially Interested, They Were Required to Keep Themselves Advised of Transactions Covered.

Where guaranty agreement expressly set forth that guarantors were directors of bank, from which note sued on was purchased, and financially interested therein, guarantors were advised as to transactions covered by terms of guaranty which they declared to be unconditional.

7. Guaranty—Guarantors Are Liable Under Continuing Guaranty Until Notice of Termination Is Given.

Though liability under continuing guaranty may be terminated by proper notice, guarantors are liable under agreement until time of termination.

Note.—See, Headnote (1), American Key-Numbered Digest, Guaranty, Key-No. 85(1), 28 C. J. Sec. 184; (2) Guaranty, Key-No. 7(3), 28 C. J. Secs. 11, 24, 25, 185; (3) Guaranty, Key-No. 38(3), 28 C. J. Secs. 13, 107, 109; (4) Guaranty, Key-No. 7(1), 28 C. J. Secs. 31, 113; (5) Guaranty, Key-No. 7(1), 28 C. J. Secs. 31, 34; (6) Guaranty, Key-No. 7(2), 28 C. J. Sec. 25. (7) Guaranty, Key-No. 38(1), 28 C. J. Secs. 69 (Anno), 107 (Anno).

As to when guarantee is a continuing one, see annotation in 39 L. R. A. (N. S.) 724; 12 R. C. L. 1069; 2 R. C. L. Supp. 1538; 4 R. C. L. 783.

As to necessity of acceptance of notice to bind guarantor, see annotation in 16 L. R. A. (N. S.) 353; 33 L. R. A. (N. S.) 960; 48 L. R. A. (N. S.) 198; 52 L. R. A. (N. S.) 569; 12 R. C. L. 1069; 2 R. C. L. Supp. 1540; 5 R. C. L. Supp. 673.

As to forms in suits on guaranty, see Bancroft's Code Pleading, Vol. 3, pg. 2427.

Appeal from Circuit Court, Turner County; HON. HERBERT B. RUDOLPH, Judge.

Action by John Hirning, as Superintendent of Banks of the State of South Dakota, acting in charge of and in behalf of the International State Bank, against Chris Jacobsen and others. Order overruling a demurrer to the complaint, and defendants appeal. Affirmed.

*A. B. Carlson,* of Canton, and *Boyce, Warren & Fairbank,* of Sioux Falls, for Appellants.

*Bielski, Elliott & Marker,* of Sioux Falls, for Respondent.

MORIARTY, C. This is an appeal from an order overruling a demurrer to the complaint.

In his complaint the respondent alleges facts relied upon to establish respondent's authority to maintain the action, the corporate capacity of the International State Bank, and its identity with the Security Savings Bank. The complaint further alleges that, on or about the 17th day of January, 1920, the appellants entered into a written agreement with the Security Savings Bank wherein said appellants, jointly and severally, unconditionally guaranteed to the said Security Savings Bank the prompt payment, at maturity, of various loans then purchased, or subsequently to be purchased, from the Farmers' State Bank of Parker, S. Dak., which agreement was set out in full in said complaint as follows:

"Guaranty.

"Date Jan. 17, 1920.

"Whereas, the undersigned are directors of the Farmers' State Bank, Parker, S. D., and financially interested in the Farmers' State Bank of Parker, S. D., and have requested the Security Savings Bank, Sioux Falls, S. D., to extend to said bank from time to time various loans and accommodations;

"And whereas, the said Security Savings Bank, Sioux Falls, S. D., is willing to extend such loans or accommodations, provided

the undersigned will unconditionally guarantee to the said bank, its successors, indorsers, or assigns, prompt payment at maturity of said loans:

"Now, therefore, in consideration of the premises and of the sum of $1 to the undersigned in hand paid, receipt of which is hereby asknowledged, the undersigned hereby jointly, individually and severally, unconditionally guarantee to the said Security Savings Bank of Sioux Falls, its successors, indorsers, or assigns, the prompt payment, at maturity, of said loans or accommodations extended as aforesaid, or any renewals thereof, and it is expressly agreed that any extension or renewal of said loans, or of notes representing the same, without notice to the undersigned, shall not affect the liability of the undersigned upon this guaranty."

And the complaint further alleges that, pursuant to said guaranty agreement, and relying thereon, the International State Bank purchased from said Farmers' State Bank a certain note for $4,136, made by one Chris Jacobsen and payable to the said Farmers' State Bank, that said note was so purchased before its maturity, that it is now past due and wholly unpaid, and that the sum of $4,136 and interest is due to respondent from appellants thereon.

To this complaint appellants demurred on the ground that it fails to state facts sufficient to constitute a cause of action.

In their brief appellants' counsel state four separate points which they depend upon to support their demurrer, as follows:

First. That the transaction of buying the note described in the complaint does not fall within the meaning of the term "accommodations," used in the written agreement.

Second. That the complaint is defective in that it fails to show that the transaction of purchasing the note was within the purview of the guaranty.

Third. That the complaint fails to state a cause of action because it fails to state that the guaranty was accepted by the guarantee, or that any notice of such acceptance was given to the guarantors.

Fourth. That the complaint fails to allege that the appellants were given any notice of the purchase of the note sued upon, and that in cases of continuing guaranty of subsequent transactions such notice is required, to make the guarantors liable thereon.

18—Vol. 51, S. D.

[1] Considering these contentions in the order stated, while it is true that Webster's Unabridged Dictionary gives the commercial use of the word "accommodation" as "a loan of money or credit," that is one special use of the word, and that dictionary also gives the broader definition, "anything furnished which is desired or needful," and we can readily conceive that the securing of cash for a $4,000 note before its maturity might come within that definition. The use of the expression, "loans and accommodations," in the written agreement indicates that the parties had in mind something other than, or in addition to, loans made directly to the Farmers' State Bank. And the complaint specifically states that appellants by the writing guaranteed—

"the prompt payment at maturity of various loans then purchased from the Farmers' State Bank, or subsequently to be purchased from said bank." (If the word "accommodation," as used in the writing, was not intended to include the purchase of paper held by said bank, that fact is a proper matter to be raised by answer and not by demurrer.)

The allegation of the complaint that the note was purchased pursuant to the agreement of guaranty amounts to an allegation that the word "accommodation" was intended to include the transaction.

What we have said as to appellants' first contention disposes of their second contention also.

[2] As to the failure of the complaint to allege the acceptance of the guaranty and notice of such acceptance—the writing, in itself, purports to be an absolute and unconditional guaranty, given for a consideration, receipt of which is acknowledged. The writing further recites that appellants are financially interested in the Farmers' State Bank, that they have requested the Security Savings Bank to extend the loans and accommodations, and that the Security Bank is willing to extend such loans and accommodations is appellants will unconditionally guarantee prompt payment. And it is in consideration of these premises and the sum of $1, receipt of which is acknowledged, that they do unconditionally guarantee such payment.

Section 1479 of the Revised Code of 1919 provides:

"A mere offer of guaranty is not binding until notice of its acceptance is communicated by the guarantee to the guarantor;

but an absolute guaranty is binding upon the guarantor without notice of acceptance."

And section 1484, R. C., provides that:

"A guaranty is to be deemed unconditional, unless its terms import some condition precedent to the liability of the guarantor."

In the case of M. E. Smith & Co. v. Kimble, 31 S. D. 18, 139 N. W. 348, Ann. Cas. 1916A, 497, this court held that the question whether or not a writing constitutes an absolute guaranty—

"may be determined from the surrounding facts and circumstances of the transaction, as well as from the instrument itself."

Applying this rule to the instant case—as the complaint alleges that appellants did, by the instrument, unconditionally guarantee the payment—the question whether the instrument is an absolute guaranty may be determined from the facts and circumstances surrounding the transaction, as well as from the instrument itself. And, evidently, this must be done upon a trial of the facts and not upon a demurrer.

Appellants' counsel cite Davis Sewing Machine Co. v. Richards, 115 U. S. 524, 6 S. Ct. 173, 29 L. ed. 480, as the leading case upon the question of what constitutes an absolute guaranty. In this decision the court says:

"If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract."

The writing pleaded in the instant case complies fully with this test, and, unless defeated by proof of facts or circumstances surrounding the transaction, must be held to constitute an absolute guaranty.

[3]   As to the contention that the appellants were entitled to notice of the purchase of the note sued upon—the guaranty agreement sets forth that appellants had requested the Security Savings Bank to extend loans and accommodations from time to time. And the complaint alleges that the guaranty was to cover loans then purchased and subsequently to be purchased. Therefore the complaint alleges that it was a continuing guaranty.

[4, 5] The rule is well established that, where a guaranty is continuing and absolute, the guarantor is not entitled to notice of each transaction in order to bind him. The statement that the guaranty is unconditional waives notice unless it is specifically provided for in the writing. Hibernia Bank & Trust Co. v. Cancienne, 140 La. 969, 74 So. 267, L. R. A. 1917E, 402; Davis v. Wells Fargo & Co., 104 U. S. 159, 26 L. ed. 686; McGowan v. Wells, 184 Ky. 772, 213 S. W. 573; Monarch Co. v. First National Bank, 105 Ky. 336, 49 S. W. 32; Miller v. Lewiston Nat. Bank, 18 Idaho 124, 108 P. 901. And this is particularly true where the guarantors are officers of the corporation whose debts are guaranteed, as they have an opportunity equal to that of the guarantor for information on the subject. 28 C. J. "Guaranty," § 113; Hibernia Bank & Trust Co. v. Cancienne, supra; Davis v. Wells Fargo & Co., supra.

[6, 7] The appellants signed a writing expressly setting forth that they were directors of the bank from which the note sued upon was purchased and financially interested therein, and that they had themselves requested the extending of accommodations to said bank from time to time. Under such circumstances, it was their duty to keep themselves advised as to transactions covered by the terms of the guaranty which they declared to be unconditional. At any time when they sought to be relieved from further liability they could terminate their liability as guarantors by proper notice to the other party. They were liable under their agreement until such liability was so terminated.

The demurrer to the complaint was properly overruled, and the order appealed from is affirmed.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.